## POUNDS vs. RICHARDS et al.

1. Where two or more are jointly sued in trover, and there is a verdict of guilty against one defendant, and of not guilty as to the others, the court may set aside the judgment, and grant a new trial as to the defendant who was found guilty.

2. If the plaintiff has a just cause of action against the defendants, it cannot be defeated or released by any contract or agreement between the parties which is not supported by a valid legal consideration.

3. In estoppels *in pais*, it is an indispensable and essential requisite, that the representations or acts should have influenced the conduct of the person setting them up or alleging them.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

This was an action of TROVER, by the plaintiff in error against Daniel Rayfield, Elisha C. Wilson, Jacob Richards and George W. Johnson, for the conversion of two slaves, Isabella and Mary. The suit was discontinued as to Wilson, upon whom the writ was not served. There was a verdict of not guilty as to Richards and Johnson, and a verdict for

$447 against Rayfield. The judgment against Rayfield was afterwards set aside by the court, and a new trial was granted as to him alone; to which action of the court the plaintiff excepted, and now assigns it for error.

A bill of exceptions was sealed at the trial, at the instance of the plaintiff, which discloses the following state of facts: "The plaintiff introduced proof tending to show, that the two slaves mentioned in the declaration were in his possession prior to December, 1849, and were at that time his property; that in December, 1849, the defendant Rayfield sold said slaves at public outcry, in Syllacogga in Talladega county; that at said sale the defendant Richards bid off Isabella, at the sum of about $560, and paid $151 of that bid to Rayfield at the sale, and took the slave into his possession, and bound himself to pay Rayfield the balance of his bid a short time thereafter; that in a few days after this sale, Richards, who resided in Coosa county, sent one Pate to Rayfield at Syllacogga, to pay him the balance of the bid; that on arriving at Syllacogga, Pate met with the plaintiff, and told him that he was going to pay over the money to Rayfield; that the plaintiff made no objection, but remarked, that Richards had bid for the slave Isabella more than she was worth, and that he was satisfied with the sale, provided the money was applied to the debt for which she was sold; that in February, 1851, plaintiff met with Richards, and Richards told him he had sued him, whereupon plaintiff said, 'he had not directed him to be sued; that Wilson was the man he was after.' It further appeared that plaintiff was not present at said sale by Rayfield, but resided in Macon county at that time; that at said sale Rayfield also sold said Mary to Wilson for $400.

The foregoing was all the evidence adduced on the trial of this cause; and upon this evidence the court charged the jury: that, if they believed all the foregoing evidence, they must find the defendant Richards not guilty; to which charge the plaintiff excepted."

The charge of the court is also assigned for error.

RICE & MORGAN, for plaintiff in error.

L. E. PARSONS, contra.

CHILTON, J.—We do not assent to the proposition asserted by the counsel for the plaintiff in error, that the court could not grant a new trial, as to one party who was jointly sued, and refuse it as to another. In actions of tort, it is competent for the jury to find one of the parties guilty, and another not guilty. It may turn out also, that there may be no evidence conducing to show the guilt of one of the co-defendants, while, as to the others, there may be a strong case made out. In all such cases, should the jury find a verdict of not guilty as to all, and the court should think a new trial ought to be granted, it would be doing great injustice to the innocent party, as against whom there was no evidence, to order a new trial as to him. Indeed it would have been regular, if the plaintiff had introduced no proof whatever of the guilt of one of the defendants, to have directed his acquittal before the jury passed upon the guilt of the others, had any reason appeared for ordering such discharge, as that the other defendants desired to examine him as a witness. Harris v. Burns et al.

2. The Circuit Court erred, however, in the instruction given to the jury, in regard to the liability of Richards. We suppose this charge must have been predicated upon the idea, that what Pounds said to Pate, the agent of Richards, as to his being satisfied with the sale made by Rayfield, if the funds arising from the sale should be applied to the debt for which the property was sold, amounted to an estoppel *in pais*.

If such was the effect of Pounds' declaration, then the charge was right. But if this proposition is indefensible, the charge was clearly wrong; for if a just cause of action existed in favor of Pounds against Richards and Rayfield, by reason of the conversion of the slave in controversy, this cause of action could not be defeated or released by any contract or agreement between the parties which is not supported by a valid legal consideration. 7 Ala. 175.

This is not gainsayed by the counsel for the defendants in error.

Turning then to the question as to the estoppel: It is an indispensable and essential requisite in estoppels of this character, (*in pais*,) that the representation or act should have influenced the conduct of the individuals setting up or alleging them. Ryers v. Farwell, 9 Barb. Sup. Ct. Rep. 618.

Was Richards in any way influenced to pay the money which he bid for the property to Rayfield, by the representation or declaration of the plaintiff? He had paid a portion of the money anterior to the making of such statement, and he had bound himself to Rayfield to pay the remainder. He had sent the money by his agent Pate, with directions to make such payment, and it does not appear that the agent was invested with any discretion as to the payment dependent upon what Pounds might say or do; or that he was even directed to call on Pounds, much less to govern himself by what should be said by him. From ought that appears, the interview between Pate and Pounds was altogether casual. Pate, who was a competent witness, and who could have proved, had such been the fact, that he had instructions to govern his conduct in respect to the payment by what Pounds should say respecting the validity of the sale, and that the payment was influenced by such declaration, and would not have been otherwise made, was not examined; and this strengthens the presumption, which arises upon the absence of proof showing the contrary, that these declarations had no influence upon the conduct of Richards. As the charge cannot be rested upon this ground, it was erroneous; for it is clear, that the court could not, from the proof, assume that Rayfield had a right to sell.

Our conclusion, therefore, is, that the judgment must, consequently, be reversed as to Richards, and the cause must be remanded.