190 So.2d 286

**HARNISCHFEGER CORPORATION et al.**

**v.**

**James Luther HARRIS et al.**

**6 Div. 29.**

Supreme Court of Alabama.

Sept. 15, 1966.

Jas. E. Clark, Jas. L. Shores, Jr., and London, Yancey, Clark & Allen, Birmingham, for appellant Harnischfeger Corp.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant Joe Money Mach. Corp.

Hare, Wynn, Newell & Newton, Birmingham, E. L. Brobston, Bessemer, and Wales W. Wallace, Jr., Columbiana, for appellee Harris.

GOODWYN, Justice.

This is a "products liability case" involving the so-called "manufacturer's liability doctrine." The suit was brought by James Luther Harris against Harnischfeger Corporation and Joe Money Machinery Company, Inc., to recover damages for personal injuries received while assisting in the assembly of a boom to a motor truck crane. At the time, Harris was employed by Hughes Construction Company, the owner of the crane. The crane was manufactured by Harnischfeger, sold by it to Money and then sold by Money to Hughes. Hughes was not a party to the suit. Bituminous Casualty Company intervened as Hughes' workmen's compensation insurer.

The complaint, as amended, contained three counts (A, B, and E), counts A and E charging negligence and count B charging a breach of warranty. Demurrer to count B was sustained, and the case went to the jury on counts A and E. The affirmative charge was given in favor of Money. There was verdict and judgment for Harnischfeger and Money. Harris' motion for a new trial, containing 58 grounds, was granted against both Harnischfeger and Money. Harnischfeger then brought this appeal from the judgment granting the motion. Money has joined in the appeal.

In granting the motion for a new trial the court stated it was not granted on the grounds "dealing with conduct of counsel during the trial or the weight of the evidence." There is no need to discuss this statement's effect on our review of the judgment granting the new trial, since we are at the conclusion the judgment, in granting a new trial as to Harnischfeger, was justified on at least one of the other grounds of the motion, thereby requiring an affirmance of the judgment insofar as it grants a new trial as to Harnischfeger. See: J. F. Holley Const. Co. v. Brown Service Funeral Homes Co., 277 Ala. 251, 252, 168 So.2d 621; Alabama Power Co. v. Bell, 274 Ala. 590, 591, 150 So.2d 754; City of Tuscaloosa v. Townsend, 274 Ala. 268, 269, 147 So.2d 824; Shepherd v. Johnson, 268 Ala. 69, 70, 104 So.2d 755. The judgment is due to be reversed insofar as it grants a new trial as to Money.

One of the grounds of the motion charges the court with error in giving the following written charge requested by Harnischfeger:

"19. I charge you, gentlemen of the jury, in order for the crane involved in the accident made the basis of this suit to be imminently dangerous as charged in the complaint it must have been delivered to the purchaser thereof in such condition that it was *reasonably certain* to place life and limb in peril when used with due care in the usual and customary manner for which it was intended, and unless you are reasonably satisfied from the evidence in this case that the danger

attendant to the proper use of the crane in question for the purposes intended was *reasonably certain,* and further that the same was either known or should in the exercise of reasonable care have been known to the defendant, Harnischfeger Corporation, before it delivered the same to the purchaser thereof, then you cannot render a verdict in favor of the plaintiff and against the defendant, Harnischfeger Corporation." [Emphasis supplied.]

■ Aside from any other reason, the giving of this charge was error because it instructs the jury as a matter of law that the crane would not be "imminently dangerous," as charged in the complaint, unless it was "reasonably *certain* to place life and limb in peril when used with due care in the usual and customary manner for which it was intended," and that a verdict in favor of plaintiff could not be rendered against Harnischfeger unless the jury should be reasonably satisfied from the evidence that the danger attendant to the proper use of the crane for the purposes intended was "reasonably *certain."* [Emphasis supplied.]

■ Although the "reasonably certain" phrase has been stated to be a basis for liability of a manufacturer under the manufacturer's liability doctrine (see: Defore v. Bourjois, Inc., 268 Ala. 228, 233, 105 So.2d 846), our cases do not hold that this is the sole basis for liability under that doctrine. It has been held that liability attaches "if the injury [should] have been reasonably anticipated" (see: Sears, Roebuck and Co. v. Morris, 273 Ala. 218, 222, 136 So.2d 883), or if the danger of injury "could reasonably be expected" (see: Greyhound Corporation v. Brown, 269 Ala. 520, 526, 113 So.2d 916), or where the manufacturer "had a probable knowledge of danger, or that the nature of the thing would probably cause injury, or that it was reasonably certain to place life and limb in peril when negligently made" (see: Defore v. Bourjois, Inc., 268 Ala. 228, 233, 105 So.2d 846, 851, supra). To be sure, an article which is

"reasonably *certain"* to place life and limb in peril is "imminently dangerous" and is a basis of liability under the manufacturer's doctrine, but it is not the only basis, as shown above. Charge 19 had the effect of limiting plaintiff's right of recovery to a finding of a reasonable *certainty* of injury. To be reasonably certain of something is more restrictive than reasonably anticipating it, or having probable knowledge of its danger, or that its nature would probably cause injury.

■ We hold it was reversible error to give Harnischfeger's requested charge 19 and that Harris' motion for a new trial was properly granted as to Harnischfeger. Accordingly, the judgment granting the motion, insofar as it grants a new trial as to Harnischfeger, is due to be affirmed.

■ Money assigns error in granting a new trial as to it. The insistence is that the affirmative charge was properly given in its favor since there was no evidence to support negligence on its part, as alleged in counts A and E of the complaint, and since the demurrer to count B, alleging a breach of warranty on its part, was properly sustained. The substance of Money's argument is that to require it "to incur the expense of another trial (the first lasted 10 days) would be manifestly unjust and would profit the plaintiff and the co-defendant nothing." We agree that the demurrer to count B was properly sustained and that the affirmative charge in favor of Money as to counts A and E was properly given. Also, we are at the conclusion it was error to grant the new trial as to Money and that the judgment granting the new trial in that respect is due to be reversed.

The only grounds of the motion for a new trial relating to Money charge error in sustaining the demurrer to count B and that the verdict was against the great weight of the evidence. The motion does not specifically charge error in giving the affirmative charge in favor of Money.

We do not understand Harris to question the propriety of giving the affirmative charge for Money as to the counts (A and E) which went to the jury. The insistence is that it was error to sustain the demurrer to count B, charging a breach of warranty, and that this error justified the granting of a new trial as to both Harnischfeger and Money. In effect, we are requested to overturn the long-existing rule in this jurisdiction that there must be privity of contract between a seller and a person injured by a defect in the article sold who seeks to recover for such injury in an action against the seller for a breach of warranty. See: Cotton v. John Deere Plow Co., 246 Ala. 36, 39, 18 So.2d 727; Attalla Oil & Fertilizer Co. v. Goddard, 207 Ala. 287, 289, 92 So. 794; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 680, 89 So. 64, 17 A.L.R. 667. Although this is a "judge-made" rule which could be changed by another "judge-made" rule, we entertain the view that, because of its long existence as a part of the jurisprudence of this State, it would be more appropriate for its demise to be effectuated by legislative action, if it is to be overturned.

It is to be noted that count B affirmatively shows that there was no privity of contract between Harris and either Harnischfeger or Money. It affirmatively shows that the crane was not sold to Harris but to his employer, Hughes.

Under the circumstances of this case, we do not consider it appropriate to require Money to continue as a defendant by affirming the judgment granting the new trial as to it. The following from Young v. Woodward Iron Co., 216 Ala. 330, 336, 113 So. 223, 229, is applicable here, viz.:

"In the instant case the common-law rule as to the entirety of a joint judgment *against* two or more defendants is without any application, either technical or logical; and, not being committed thereto by any previous decision, we decline to extend the rule to judgments *in favor of* joint defendants, where the reason and justice of the case do not demand it. * * *

"But there is another difference here which must be noted. The question is not upon reversing the judgment proper, but upon the granting of a *new trial* as against one defendant because of newly discovered evidence admissible against him alone. In such cases it seems that the ancient common law has been denied by practically all of the courts, and joint verdicts in tort may be set aside as to one or more of the defendants, if justice so requires, and allowed to stand as to others. * * * To this view of the law this court gave full assent in the case of Pounds v. Richards, 21 Ala. 424, 426, where it was said, per Chilton, J.:

" 'We do not assent to the proposition asserted by the counsel for the plaintiff in error, that the court could not grant a new trial as to one party who was jointly sued, and refuse it as to another. In actions of tort, it is competent for the jury to find one of the parties guilty, and another not guilty. It may turn out also, that there may be no evidence conducing to show the guilt of one of the codefendants, while, as to the others, there may be a strong case made out. In all such cases, should the jury find a verdict of not guilty as to all, and the court should think a new trial ought to be granted, it would be doing great injustice to the innocent party, as against whom there was no evidence, to order a new trial as to him.' "

See, also: Winfrey v. Austin, 260 Ala. 439, 443, 71 So.2d 15; Interstate Electric Co. v. Russell, 242 Ala. 233, 235, 5 So.2d 484; City of Tuscaloosa v. Fair, 232 Ala. 129, 137, 167 So. 276; O'Neal v. Turner, 230 Ala. 24, 31, 158 So. 801; Snellings v. Builders' Supply Company, 228 Ala. 47, 51, 152 So. 459.

The judgment appealed from, insofar as it grants a new trial as to Harnischfeger, is affirmed. Insofar as it grants a new trial as to Money, it is reversed and the cause

is remanded to the trial court for rendering a judgment denying a new trial as to Money and reinstating the judgment rendered on the jury verdict in favor of Money.

Affirmed in part, reversed in part, and remanded with directions.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.