518 P.2d 308 (1974)
Orville Stanley LARSON and Jacqueline M. Larson, Plaintiffs-Appellants,
v.
CLARK EQUIPMENT COMPANY, a Delaware corporation, and Apex Liftruck and Supply Co., a Colorado corporation, Defendants-Appellees.
No. 73-056.
Colorado Court of Appeals, Div. II.
January 15, 1974.
Williams, Trine & Greenstein, P.C., Morris W. Sandstead, Jr., Boulder, R. Jerry Russell, Broomfield, for plaintiffs-appellants.
Zarlengo, Mott & Zarlengo, Richard T. Spriggs, Denver, for defendant-appellee Clark Equipment Co.
Dosh, DeMoulin, Anderson & Campbell, Charles M. Dosh, Denver, for defendant-appellee Apex Liftruck and Supply Co.
Selected for Official Publication.
PIERCE, Judge.
Plaintiffs, Orville Larson and his wife, Jacqueline Larson, filed a complaint seeking damages for personal injuries incurred by Mr. Larson while he was operating an electric forklift truck manufactured by defendant Clark Equipment Company and distributed to Mr. Larson's employer by defendant Apex Liftruck and Supply Company. Mrs. Larson sought recovery for loss of consortium. The complaint alleged, in separate claims for relief, that each defendant was strictly liable to the plaintiffs under the theory of strict liability set forth in Restatement (Second) of Torts § 402A. Both defendants responded, defendant Clark by motion and defendant Apex by answer, alleging that the complaint failed to state a claim upon which relief could be granted. The trial court dismissed the complaint and entered judgment in favor of both defendants. Plaintiffs appeal. We reverse the judgment of the trial court and remand with directions to reinstate the complaint.
Subsequent to the entry of judgment by the trial court in this case, this court has had the opportunity to consider and adopt the theory of strict liability set forth in section 402A of the Restatement. In Bradford v. Bendix Westinghouse Automobile Air Brake Co., Colo.App., 517 P.2d 406, announced October 24, 1973, modified November 20, 1973, we held that the trial court properly permitted the case to go to the jury on this formulation of strict liability in tort. Defendants here argue, however, that we should reconsider that holding. They contend that the legislative adoption of the Uniform Commercial Code warranties without a privity requirement, *309 see C.R.S.1963, XXX-X-XXX, precludes the judicial adoption of strict liability in tort under section 402A. We reject this argument. The warranties provided by the UCC are not the exclusive means of recovery without a showing of negligence or fault. Markle v. Mulholland's Inc., Or., 509 P.2d 529.
It is undisputed that the complaint states claims for relief under the theory of strict liability adopted in Bendix. The judgment is reversed and the cause remanded with directions to reinstate the complaint.
COYTE and ENOCH, JJ., concur.