This is a certified question from the United States District Court for the Northern District of Georgia, Atlanta Division. The sole issue is whether § 2-318 of Tit. 7A, Code of Alabama 1940, Recompiled 1958, eliminates the "vertical privity" requirement in personal injury actions based on breach of warranty. We answer this question in the affirmative.
The question arose out of a suit brought by Winifred Laatsch Bishop and Marvin D. Bishop against Faroy Sales, a Georgia corporation, and Van Horn-Hayward Company, a Texas corporation, for personal injuries received by Mrs. Bishop when a candleholder allegedly ignited and burned her. Van Horn is the manufacturer of the candleholder; Faroy is the distributor.
The Bishops are principal shareholders, officers and employees of Bishop's Flower and Garden Center, Inc., a retail florist and gift shop in Huntsville, Alabama. Mrs. Bishop, who was buyer for the business, was introduced to the "Number 23 Multi-Flame Clear 3" candleholder when she visited the Atlanta, Georgia, showroom of Faroy on a buying trip for Bishop's Flowers in 1968 or 1969. At that time she placed an order for several candleholders through Faroy, Van Horn's exclusive sales representative. Van Horn shipped and billed the candleholders directly to Bishop's Flowers.
Approximately three or four years after Mrs. Bishop first ordered the candleholders for Bishop's Flowers, she purchased a pair of candleholders for personal use in her home. From the time Mrs. Bishop brought them into her home until the time of the accident (approximately six months to one year), the candleholders were used continuously by the Bishop family.
On April 14, 1973, the Bishops were burning a candle in one of the candleholders without difficulty when it allegedly ignited and exploded, injuring Mrs. Bishop. The Bishops filed suit alleging that the fire occurred as a result of a defect in the candleholder. They are attempting to hold Faroy Sales and Van Horn responsible on two theories: negligence and breach of implied warranty.
On March 7, 1975, Faroy filed a Motion for Total Summary Judgment; on April 10, 1975, Van Horn filed a Motion for Partial Summary Judgment. On August 28, 1975, the United States Federal District Court for the Northern District of Georgia, Atlanta Division, finding that the law of Alabama requires privity in a suit for personal injuries in breach of warranty actions, granted partial summary judgment for Faroy and Van Horn by dismissing the breach of warranty action. Subsequently, appellants filed a motion to reconsider, in response to which the court granted the motion and certified the above question to this court.
Historically, vertical privity has been required for a suit in contract. See Cotton v. John Deere Plow Co., 246 Ala. 36,39, 18 So.2d 727 (1944); Attalla Oil Fertilizer Co. v.Goddard, 207 Ala. 287, 289, 92 So. 794 (1922); BirminghamChero-Cola Bottling Co. v. Clark, 205 Ala. 678, 680, 89 So. 64, 17 A.L.R. 667 (1921). The last time this court addressed the question was in Harnischfeger Corp. v. Harris, 280 Ala. 93,190 So.2d 286 (1966), where an employee was suing the manufacturer and the retailer who had sold a motor truck crane to plaintiff's employer:
 ". . . Although this is a `judge-made' rule [the requirement of privity of contract] which could be changed by another `judge-made' rule, we entertain the view that, because of its long existence as a part of the jurisprudence of this State, it would be more appropriate for its demise to be effectuated by legislative action, if it is to be overturned." Id. at 97, 190 So.2d 286, 290. *Page 1342 
In 1965, prior to Harnischfeger, the Alabama Legislature enacted the Alabama Commercial Code, Tit. 7A, Code of Alabama 1940, Recompiled 1958, but did not make it effective until midnight, December 31, 1966, after Harnischfeger. Title 7A, § 2-318 (Act No. 549, General Acts of Alabama, Regular Session, Vol. 1 (1965) p. 836, approved August 23, 1965) reads as follows:
 "§ 2-318. Third party beneficiaries of warranties express or implied. — A sellers' warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."
§ 2-318, as enacted differed from the proposed § 2-318 of the 1962 version of the Uniform Commercial Code. The proposed section read as follows:
 "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."[1] *Page 1343 
The proposed § 2-318 loosened the privity requirements. Its intent was to place the buyer's family or household, or a guest in the buyer's home in the same shoes as the buyer with respect to injuries in person. Official Comment No. 3 to the section made it clear that "[b]eyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." The Official Comments to the 1962 version of the U.C.C. were placed in the Alabama Commercial Code immediately following § 2-318; however, comments numbered 2 and 3 are inappropriate to the section as enacted in view of Alabama's modified version.
§ 2-318, as enacted, excluded the words, "who is in the family or household of his buyer or who is a guest in his home." By removing these words, the legislature intended to remove the privity requirement horizontally from more situations than did the uniform version. However, the question here is whether the legislature by enacting a modified version of § 2-318 also eliminated the requirements of vertical privity.[2]
Tit. 7A, § 2-103 (1)(d) defines "seller" as "a person who sells or contracts to sell goods." A "buyer" is "a person who buys or contracts to buy goods." Tit. 7A, § 2-103 (1)(a). Sellers and buyers are not limited by definition to retailers and consumers. By its terms, a seller is anyone who sells, including a manufacturer or distributor. Thus, a manufacturer's or distributor's warranty extends to "any natural person if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by the breach of the warranty." A manufacturer or distributor intends the products he sells to eventually arrive in the hands of consumers. Thus, by the terms of the statute, a manufacturer's or distributor's warranty would extend to the final buyer-consumer of the product (as well as to other possible parties horizontally) if he is injured in person by the breach of the warranty.
 "The Alabama legislature refused to equivocate on the privity question in the manner of the 1962 edition of the Code. Before passing the Code it amended 2-318. Aside from immaterial matters of punctuation, its only change was to drop the limiting language, `who is in the family *Page 1344 
or household of his buyer or who is a guest in his home.' The Alabama warranty thus runs to anyone sustaining personal injury `if it is reasonable to expect that such person may use, consume or be affected by the goods.' In making this amendment, the legislature chose a privity provision similar to that contained in the pre-1962 drafts of the Code. Indeed, the language had its origins in a 1944 version of the Uniform Revised Sales Act. The Revised Sales Act subsequently became the basis for the sales articles of the Commercial Code, and the concept of extending warranty to anyone who could be reasonably expected to use, consume, or be affected by the goods was retained in the 1950 draft. The proposed comments to that version throw light on the intention of the drafters. They stated that the section was `intended to broaden the right and the remedy of the consumer in warranty, to free them from any technical rules as to "privity" and to make them, insofar as feasible, directly enforceable against the party ultimately responsible for any injury.' The comments further indicate that groups such as employees of the buyer are covered and that the consumer has the choice of proceeding directly against the party ultimately responsible for the injury.
 "Comparing these early drafts and their comments with the 1962 edition and its comments, it is obvious that the scope of the earlier version is of a wholly different order. The original intent of the Code drafters was to abolish the privity concept entirely in both its horizontal and vertical aspects. . . ." McDonnell, The New Privity Puzzle: Products Liability under Alabama's Uniform Commercial Code, 22 Ala.L.Rev. 455, 481-482 (1970).[3]
See also Sales — Proposed Uniform Commercial Code — ConsumerProtection and Privity of Contract, 26 N.Y.U.L.Rev. 352 (1951).
The conclusion that § 2-318, as enacted, eliminates the vertical privity requirement has also been reached by courts of other states where their legislatures decided against enactment of the uniform version of § 2-318. Vermont's and Kansas' §§ 2-318 are substantially identical to ours. Vermont St.Anno., Tit. 9A, § 2-318, enacted 1966; K.S.A., Chapter 84, § 84-2-318. While the Vermont and Kansas Supreme Courts apparently have not yet addressed the question, federal courts in Vermont have used the section as support for allowing the theory of strict liability to be applied directly against a manufacturer. Wasikv. Borg, 423 F.2d 44 (2d Cir., 1970). The statutes of Wyoming (Wyo.St.Anno., Tit. 34, § 34-2-318, 1975 Cum.Supp. enacted 1961), Colorado (Col.Rev.St. 1973, Tit. 4, § 4-2-318, enacted 1963), South Carolina (Code of S.C., 1962, Tit. 10.2, § 10.2-318, enacted 1966), South Dakota (S.D. Compiled Laws 1967 Anno., Tit. 57, § 57-4-41, enacted 1966); Delaware (Del. Code Anno.Rev. 1974, Tit. 6, § 2-318, enacted 1967); North Dakota (N.D.Cen. Code, Tit. 41, § 41-02-35, enacted 1967); and Minnesota (Minn.St. 1974, Chapt. 336, § 336.2-318, enacted 1969) are also similar to the Alabama version, though they do not specifically require an injury "in person;" the South Carolina section specifically applies to damage to the "person or property" while the remaining statutes merely apply to one who "is injured." With the exceptions of South Dakota, North Dakota, and Minnesota, which have apparently not yet ruled on the question, the respective state courts or federal courts interpreting state law have concluded that each of the respective sections has eliminated the vertical privity requirement. Colorado Serum Co. v. Arp, 504 P.2d 801 (Wyo., 1972); Larson v. Clark Equipment Co., 33 Colo. App. 277,518 P.2d 308 (1974) (by inference); McHugh v. Carlton, 369 F. Supp. 1271
(D.S.C., 1974); Springfield v. Williams Plumbing SupplyCo., 249 S.C. 130, 153 S.E.2d 184 (1967) (by inference); Nacciv. *Page 1345 Volkswagen of America, Inc., 325 A.2d 617, Del.Super. (1974).[4]
Other states have eliminated the requirement of vertical privity by judicial extension of Alternative A of the present version of § 2-318 of the U.C.C. (see footnote 1; same as the 1962 version of § 2-318). Picker X-Ray Corp. v. General MotorsCorp., 185 A.2d 919 (D.C.Mun. of App., 1962); Kassab v. CentralSoya, 432 Pa. 217, 246 A.2d 848 (1968); Manheim v. Ford MotorCo., 201 So.2d 440 (Fla., 1967); Autry v. Chemtrust IndustriesCorp., 362 F. Supp. 1085 (D.C.Del., 1973), applying Florida law;Chairaluce v. Stanley Warner Management Corp., 236 F. Supp. 385
(D.C.Conn., 1964), applying Connecticut law.
Still others have reached the same result without the aid of statute. Conolly v. Hagi, 24 Conn. Sup. 198, 188 A.2d 884
(1963); Dealers Transport Co. v. Battery Distribution Co.,402 S.W.2d 441 (Ky.App., 1966).
In addition to altering § 2-318, the Alabama Legislature altered four other sections of the proposed U.C.C. — §§ 2-316, 2-714 (2), 2-719 (4), and 2-725 (2). The manner in which these sections were altered lends further support to the conclusion that the legislature intended to expand the right of the consumer in personal injury cases.
Moreover, if § 2-318 had not eliminated the vertical privity requirement, a distributor and/or manufacturer would in appropriate cases still find himself a party to the suit, via an impleader third party action as allowed by Rule 14 (a) of the Alabama Rules of Civil Procedure (or Rule 14 (a) of the Federal Rules of Civil Procedure when the suit is in federal court). See Wasik v. Borg, supra.
We conclude that § 2-318 of Tit. 7A, Code of Alabama 1940, Recompiled 1958, eliminates the vertical privity requirement in a suit for breach of warranty if it is reasonable to expect that such person may use, consume or be affected by the goods and is injured in person by breach of the warranty.
CERTIFIED QUESTION ANSWERED.
HEFLIN, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
[1] In 1966 the Permanent Editorial Board for the Uniform Commercial Code amended the official text as follows:
"Alternative A
 "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.
"Alternative B
 "A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.
"Alternative C
 "A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.
"OFFICIAL COMMENT
"Prior Uniform Statutory Provision: None.
"Purposes:
 "1. The last sentence of this section does not mean that a seller is precluded from excluding or disclaiming a warranty which might otherwise arise in connection with the sale provided such exclusion or modification is permitted by Section 2-316. Nor does that sentence preclude the seller from limiting the remedies of his own buyer and of any beneficiaries, in any manner provided in Sections 2-718 or 2-719. To the extent that the contract of sale contains provisions under which warranties are excluded or modified, or remedies for breach are limited, such provisions are equally operative against beneficiaries of warranties under this section. What this last sentence forbids is exclusion of liability by the seller to the persons to whom the warranties which he has made to his buyer would extend under this section.
 "2. The purpose of this section is to give certain beneficiaries the benefit of the same warranty which the buyer received in the contract of sale, thereby freeing any such beneficiaries from any technical rules as to `privity.' It seeks to accomplish this purpose without any derogation of any right or remedy resting on negligence. It rests primarily upon the merchant-seller's warranty under this Article that the goods sold are merchantable and fit for the ordinary purposes for which such goods are used rather than the warranty of fitness for a particular purpose. Implicit in the section is that any beneficiary of a warranty may bring a direct action for breach of warranty against the seller whose warranty extends to him.
 "3. The first alternative expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain. The second alternative is designed for states where the case law has already developed further and for those that desire to expand the class of beneficiaries. The third alternative goes further, following the trend of modern decisions as indicated by Restatements of Torts 2d § 402A (Tentative Draft No. 10, 1965) in extending the rule beyond injuries to the person.
"Cross References:
"Point 1: Sections 2-316, 2-718 and 2-719.
"Point 2: Section 2-314.
"Definitional Cross References:
"`Buyer'. Section 2-103.
"`Goods'. Section 2-105.
"`Seller'. Section 2-103.
 "PERMANENT EDITORIAL BOARD NOTE ON 1966 AMENDMENT
 "Source: Colorado, Delaware, South Carolina, South Dakota, Vermont, Wyoming. Compare Proposed Final Draft, Spring 1950, and non-uniform versions enacted in Alabama, Arkansas, Texas, Virginia. The section was omitted in California and Utah.
 "Reason for Change: This section as drawn in 1950 was substantially in the form of the new Alternative B. The form shown as Alternative A was substituted in 1951, limiting beneficiaries to the family, household and guests of the buyer. Beyond this, according to Comment 3, the section was neutral and was not intended to enlarge or restrict `the developing case law.' The section was criticized in California as `a step backward,' and was omitted from the Code as enacted in California and in Utah. Non-uniform versions were enacted in ten states, and proposals for amendment have been made elsewhere. There appears to be no national consensus as to the scope of warranty protection which is proper, but the promulgation of alternatives may prevent further proliferation of separate variations in state after state. Alternative B is therefore promulgated in substantially the 1950 form, and Alternative C is drawn to reflect the trend of more recent decisions as indicated by Restatements of Torts 2d § 402A (Tentative Draft No. 10, 1965), extending the rule beyond personal injuries."
Alternative B was apparently based at least in part on the Alabama version of § 2-318.
[2] Appellants note in brief that the Alabama version of § 2-318 uses the term "sellers'" rather than "seller's." From this they argue that the "legislature envisioned all of the sellers of a product as opposed to the consumer's (buyer) immediate seller." However, we conclude that "sellers'" is merely a clerical error as the rest of the sentence is written in the singular — "A," "warranty," "extends" — and, hence, give no weight to the use of the plural form of the word.
[3] Some courts have construed their version of § 2-318 to be limited in its operation to personal injury actions only. That matter is not now before us and we express no opinion.
[4] Virginia, Arkansas, Maine and Rhode Island have specifically eliminated the vertical privity requirement:
 "Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods . . ." Code of Virginia, Tit. 8.2, § 8.2-318; Ark.St. 1947, Tit. 85, § 85-2-318."
Maine's statute (Me.R.S. 1964, Tit. 11, § 2-318) differs slightly. Rhode Island's statute reads as follows:
 "A seller's or a manufacturer's or a packer's warranty whether express or implied including but not limited to a warranty of merchantability provided for in § 6A-2-314, extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller or manufacturer or a packer may not exclude or limit the operation of this section." R.I.G.L. 1956, Tit. 6A, § 6A-2-318. *Page 1346