This is an appeal from an order of the Circuit Court of Jefferson County granting plaintiff Trimble's motion for new trial against Ford Motor Company (Ford) and Mitchell Motors, Inc. (Mitchell), but denying his motion for new trial against Bramco Products (Bramco). Trimble appealed the judgment denying his motion for new trial against Bramco; and Ford and Mitchell appealed the judgment granting new trials as to them.
Rodney W. Trimble was injured when a truck in which he was a passenger ran off *Page 1359 
the road and overturned. Trimble sued Bramco, alleging that it was the employer of Ronald Crumbley, the truck driver, and liable for his alleged negligence under the rule of respondeat superior. The claim against Ford charged negligent manufacture and defective design of the truck and breach of the implied warranty of fitness. The complaint charged Mitchell, the local dealer who sold the truck to Crumbley, with breach of warranty, failure to inspect, and negligence in the presale preparation process. The plaintiff's claim against both Ford and Mitchell was based upon the alleged failure of the flexible coupling which connects the steering shaft of the truck with the input shaft to the frame. The coupling, made of rubberized fabric, was designed to absorb the noise and vibration otherwise transmitted through the frame into the steering shaft. Trimble claimed that the separation of this coupling caused Crumbley to lose control of the vehicle and was the proximate cause of the accident.
Prior to the trial, Trimble filed an amendment to his complaint alleging a theory of strict liability in tort against Ford. The trial court granted a motion to strike this amendment; and the case went to trial against all defendants on the theories of negligence and breach of warranty.
The jury returned a general verdict in favor of all three defendants. Trimble's motion for new trial against all defendants contained over 100 grounds of alleged error, including the court's action in striking his amendment charging Ford with strict tort liability. The trial court denied the motion for new trial as to all defendants. Thereafter, upon reconsideration of the new trial motion, with the permission of this court, the trial court granted a new trial against Ford and Mitchell based upon the decision of this court in Jett v. Honda Motor Co., Ltd.,339 So.2d 66 (Ala. 1976).
 I. The Trimble Appeal.
The plaintiff's theory of liability against Bramco rested upon the doctrine of respondeat superior and the issue at trial was whether Crumbley, the driver of the truck, was an employee of Bramco or an independent contractor. Bramco denied liability and insisted that Crumbley was not its employee, agent or servant at the time of the accident complained of. This issue was tried to the jury. Suffice it to say that there were facts from which the jury could have concluded that Crumbley was not an employee of Bramco. Since 1970, he had installed and repaired equipment in chicken houses for Bramco pursuant to a written contract. He was paid by Bramco on a unit or footage basis which was determined by a schedule. He was paid by the hour for service work performed. When Crumbley hired someone to help do a particular job, he was paid by Bramco for the total number of hours at a single rate and Crumbley, in turn, paid the person hired at a rate determined by him. The truck involved in the accident was bought, paid for and insured by Crumbley.
Trimble argues on appeal that Rule 59 (a), ARCP, compels the trial court to grant a new trial as to all defendants if it grants a new trial as to any one. His argument is that inasmuch as Rule 59 (a), ARCP, requires a new trial on all of the issues in actions tried to a jury, the new trial must be granted as to all parties because otherwise the new trial will not encompass all of the issues.
Rule 59 (a) provides in part:
 "A new trial may be granted to all or any of the parties and (1) on all of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Alabama; and (2) on all or part of the issues in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Alabama. . . ."
Under Alabama practice, it has long been permissible in proper cases to grant a new trial as to one or more defendants and deny a new trial motion as to the others. In Young v. Woodward IronCo., 216 Ala. 330, 113 So. 223 (1927), cited with approval *Page 1360 
in Harnischfeger Corporation v. Harris, 280 Ala. 93,190 So.2d 286 (1966), the following statement of the rule appears:
 "`We do not assent to the proposition asserted by the counsel for the plaintiff in error, that the court could not grant a new trial as to one party who was jointly sued, and refuse it as to another. In actions of tort, it is competent for the jury to find one of the parties guilty, and another not guilty. It may turn out also, that there may be no evidence conducing to show the guilt of one of the codefendants, while, as to the others, there may be a strong case made out. In all such cases, should the jury find a verdict of not guilty as to all, and the court should think a new trial ought to be granted, it would be doing great injustice to the innocent party, as against whom there was no evidence, to order a new trial as to him.' [Pounds v. Richards, 21 Ala. 424, 426 (1842)]" (216 Ala. at 336, 190 So.2d at 290).
It would be manifestly unfair to require Bramco to defend the suit against it again. The plaintiff has had one trial against it which went to the jury. The jury returned a verdict in Bramco's favor. The trial court has twice denied the plaintiff's motion for new trial as to Bramco. Rule 59 (a) does not require a reversal of the trial court.
Trimble also argues that the trial court erred in denying his motion for new trial against Bramco because the verdict in Bramco's favor was against the great weight of the evidence. Whether Crumbley was an agent of Bramco, acting within the scope and authority of his agency at the time of the accident, was a question for the jury. Solmica of Gulf Coast, Inc. v. Braggs,285 Ala. 396, 232 So.2d 638 (1970). The trial court denied Trimble's motion for new trial based on the sufficiency of the evidence to support the jury's verdict. We cannot reverse the trial court unless we are clearly convinced that the jury's verdict is palpably wrong and manifestly unjust. Dixie Electric Co. v.Maggio, 294 Ala. 411, 318 So.2d 274 (1975). This is not such a case.
Trimble also complains that the trial court must be reversed in failing to grant a new trial because the trial judge failed to inform the attorneys prior to closing arguments as to which of the requested jury charges he intended to give. Rule 51, ARCP, does require the court to inform counsel before argument of its action with respect to requested charges and the rule should be observed. However, its failure to do so does not mandate reversal unless the court refuses to follow the rule after its attention has been called to it or prejudice results therefrom. Pruett v.Marshall, 283 F.2d 436 (5th Cir. 1960); Hardigg v. Inglett,250 F.2d 895 (4th Cir. 1957); Beloit Corp. v. Harrell, 339 So.2d 992
(Ala. 1976). In the instant case, Trimble did not ask the court to inform him as to which charges it intended to give and he has not shown that any prejudice resulted from the court's failure to do so. He made no objection to any given charge, nor to the court's oral charge. Under these circumstances, there is no reversible error.
During the trial one John McNabb, a member of the jury, was seen by one of Trimble's attorneys speaking with one of Ford's witnesses. McNabb was questioned by the court in chambers and was found to have disobeyed several of the court's instructions to the jury concerning discussion of the case with others and introduction into the jury room of personal observations of the accident scene. McNabb was excused from the jury and replaced by an alternate. He returned to the jury room before leaving the courthouse.
Trimble argues that the plaintiff's case could not be fairly decided by the jury following McNabb's conduct and his dismissal. He made this argument to the trial court on motion for new trial.
The trial court heard evidence on this motion and found no evidence of prejudice to the plaintiff. Once McNabb's misconduct was discovered, the trial court promptly discharged him. There is no evidence that the jury verdict was affected by bias or corruption in connection with *Page 1361 
McNabb's conduct. Carr v. Irons, 288 Ala. 511, 259 So.2d 240
(1972); Blakeney v. Alabama Power Company, 222 Ala. 394,133 So. 16 (1931). It is within the trial court's discretion to view the evidence and decide whether the rights of any party have been prejudiced by such incidents during the trial. Boudrow v. H. R.Construction Co., 284 Ala. 60, 222 So.2d 154 (1969); Foster Creighton Co. v. St. Paul Mercury Indemnity Co., 264 Ala. 581,88 So.2d 825 (1956). The trial judge was present when McNabb committed his misdeeds, and was able to view the effect upon the jury and their demeanor throughout the trial. He promptly dismissed McNabb; and with no evidence that any further action was necessary to assure all parties a fair trial, we cannot reverse the trial court on this issue.
We have carefully considered other arguments advanced by Trimble for reversal of the cause and find no basis for doing so. All of his contentions have first been considered by the trial court on motion for new trial and that court has denied his motion. We are constrained to affirm.
 II. The Ford Appeal.
In Atkins v. American Motors Corp., 335 So.2d 134 (Ala. 1976), and Casrell v. Altec Industries, Inc., 335 So.2d 128 (1976), this court delineated the Alabama Extended Manufacturer's Liability Doctrine. No mention was made in either of those cases of any limitation to the doctrine which would preclude its application retroactively. Ford contends that it should not be applied retroactively to cases which have been litigated beyond the pleading stage. Although this argument has some appeal, we cannot agree.
We reversed the dismissal of a strict liability claim in Jettv. Honda Motor Co., Ltd., supra, based upon the Casrell andAtkins cases, supra. The accident from which the cause of action arose, and the drafting of the complaint in Jett occurred prior to our adoption of the Extended Liability Doctrine. The effect of our reversal was to apply the Doctrine retroactively. AlthoughJett involved an appeal at the pleading stage and Ford's comes after a trial, we cannot agree that Casrell and Atkins are inapplicable to Ford where a strict liability claim was asserted by the plaintiff at the pleading stage. In adopting the various forms of strict tort liability now prevalent in this country, other jurisdictions have applied the concept retroactively to cases in which that theory of recovery was raised. Vandermark v.Ford Motor Co., 61 Cal.2d 256, 37 Cal.Rptr. 896, 391 P.2d 168
(1964); Winnett v. Winnett, 9 Ill. App.3d 644, 292 N.E.2d 524
(1973); Dealers Transport Co. v. Battery Distributing Co.,402 S.W.2d 441 (Ky. 1965). Because the plaintiff in the instant case attempted to raise the strict liability claim against Ford prior to trial, consistent with Jett, we must hold that he is entitled to proceed against Ford on that theory. The judgment of the trial court granting the plaintiff's motion for new trial against the defendant Ford is affirmed.
 III. The Mitchell Motors Appeal.
The motion for new trial granted to the plaintiff against Mitchell Motors and Ford Motor Company was expressly based upon Ground 30 in the plaintiff's motion for new trial. The order of the trial court clearly demonstrates this:
 "This cause coming on to be heard on the plaintiff's motion to reconsider the Court's ruling on his motion for a new trial rendered on October 28, 1976, the Court is of the opinion the Order overruling plaintiff's motion for a new trial should be and is hereby modified to the extent that the plaintiff's motion for a new trial against the defendants, Ford Motor Company, a corporation and Mitchell Motors, Inc., should be and is hereby granted, solely on the basis of Ground 30 of the motion for new trial and in response to the Supreme Court's decision in [Jett v. Honda Motor Co., Ltd., 339 So.2d 66 (Ala. 1976)].
 "The Court is further of the opinion that the motion for a new trial should be denied on all other grounds . . ."
Ground 30 of plaintiff's motion for new trial follows: *Page 1362 
 "30. For that the Court erred in disallowing the plaintiff's amendment charging the defendant, Ford Motor Company, with liability under the doctrine of strict liability in tort."
At no point in the pleadings, the pretrial order or elsewhere in the record has the plaintiff attempted to assert a claim for relief against Mitchell Motors based upon a theory of strict liability in tort or the Alabama Extended Manufacturer's Liability Doctrine which, of course, was not stated until after this case was tried. Atkins v. American Motors Corp., supra;Casrell v. Altec Industries, Inc., supra. Although Jett v. Honda, supra, reversed the trial court in granting defendants' motion to dismiss and remanded the cause for reconsideration in light ofCasrell and Atkins, supra, Jett v. Honda (like Casrell andAtkins) had not been tried at the time appellate review was sought. Additionally and significantly, the complaint which was dismissed sought relief on the basis of "strict liability in tort." This case has been tried to a jury. Every theory of liability advanced by the plaintiff against Mitchell has been tried. A jury has rendered a verdict in Mitchell's favor and judgment has been entered thereon. Although the Casrell andAtkins decisions do have some retroactive effect, such retroactivity cannot extend to controversies between parties which have been adjudicated. The principle of res judicata is predicted upon the doctrine that litigation must come to an end. Any issue which has been adjudicated, or which could have been adjudicated, is by that doctrine barred from further litigation.Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970
(1946). That principle, so fundamental to our jurisprudence, would be violated if the law as it evolves to meet new conditions of society, were made retroactive to re-open, for another trial, matters laid to rest under theories of liability existing at the time they were tried. See Restatement Judgments, § 65 (1).
Trimble argues that his proffered amendment (count three) can be construed to state a claim based upon strict liability in tort against Mitchell Motors. We cannot so read it. It expressly states such a claim against Ford Motor Company. The only construction by which Mitchell Motors can be made a party in that count is to treat it as a party because at one or more points the count refers to defendants plurally. The reference to plural defendants in that count is clearly a typographical or grammatical error. Clerical errors may be self-correcting by the context of the pleading. Hudson v. Coffee County, 291 Ala. 596,285 So.2d 101 (1973). A reading of the entire count clearly shows the assertion of a strict liability claim against Fort Motor Company only. We are not inclined to revert to a requirement of technical accuracy in pleadings, nor are we inclined to resort to strained interpretation of pleadings. Given a fair reading, count three states a claim based upon strict liability in tort against Ford Motor Company, and no other defendant. We also note that Ground 30 of the motion for new trial, asserting error in striking the amendment, is also limited to Ford.
Because the trial court determined that it had erred in disallowing the plaintiff's amendment stating a claim based upon strict liability in tort, it granted his motion for new trial. Since, however, that amendment does not assert that claim against Mitchell Motors, the court erred in granting the plaintiff's motion for new trial as to it. To that extent, the judgment of the trial court is reversed. In all other respects, the judgment of the trial court is affirmed.
The judgment denying Trimble's motion for new trial as to Bramco is affirmed. The judgment granting his motion for new trial as to Ford is affirmed. The judgment granting a new trial as to Mitchell is reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and JONES, JJ., concur. *Page 1363