MADDOX, Justice
(dissenting).
As I understand the facts, they are as follows: At trial, the defendant Beavers submitted a proposed jury charge on the “sudden emergency doctrine” that read:
“If a person without fault of his own is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation; and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence; but the standard of care required in an emergency situation is that care ... which a reasonable or prudent person would have exercised under the same or similar circumstances.”
The trial court refused the proposed charge, but indicated that it might change its ruling if presented with case law justifying the charge. Immediately after the ruling, the parties gave their closing arguments, and neither party mentioned the sudden emergency doctrine. The next day, Beavers submitted case law regarding the sudden emergency doctrine, and the trial court instructed the jury as to the doctrine, over the plaintiffs’ objection on the general ground that the instruction on sudden emergency was not supported by the evidence.
The Court holds that the trial judge erred in instructing the jury after the parties had made their closing arguments, because of the provisions of Rule 51, Ala.R.Civ.P., which states in part:
“At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file and, in such event, shall serve on all opposing parties written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write ‘given’ or ‘refused’ as the case may be, on the request which thereby becomes a part of the record.”
The Court writes that by relying on the trial court’s initial ruling on the requested instruction, the plaintiffs “lost the opportunity to be heard on an issue central to their claim,” and it says that the sudden emergency doctrine modifies the general standard of care required.
Beavers answers the plaintiffs’ argument by stating that the plaintiffs did not state specific grounds for their objection, but objected only generally on the sufficiency of the evidence to support the giving of the instruction rather than on the grounds that it was not approved before the closing arguments.
*597 I am unwilling to hold, as the majority does, that a specific objection was not required in this case. The majority says that “where prejudice is shown to have resulted from the trial court’s failure to properly comply with the requirements of Rule 51” a specific objection may not be required, citing Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977). The majority says: “Fairness may require some flexibility in reviewing a failure to object to a requested instruction in eases where counsel has not received the benefit of information counsel is entitled to under Rule 51. See C. Lyons, Alabama Rules of Civil Procedure Annotated, § 51.3 (2d ed. 1986).” 628 So.2d at 596.
I fail to see how the Trimble case, or the statement quoted from Lyons’s treatise, can support the granting of a new trial. In view of all the facts surrounding the trial court’s initial refusal to give the instruction and the fact that the defendant provided the court with authority that convinced the court that the instruction was proper, the plaintiffs, in my opinion, should have been more specific in their objection. Rule 1(c), Ala.R.Civ.P., states: “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.” I think the majority’s ruling today violates the spirit of Rule 1.
When I consider the fact that the trial court had given the defendant an opportunity to present case law suggesting that the instruction should be given, it seems clear to me that the plaintiffs’ objection was much too general for them now to claim a violation of Rule 51. “A party waives any possible error as to a trial court’s oral charge by failing to specifically object and to state grounds for the objection.” Campbell v. Employers Ins. Co., 521 So.2d 924, 926 (Ala.1988), citing Beneficial Management Corp. of America v. Evans, 421 So.2d 92, 97 (Ala.1982). A very technical application of the provisions of Rule 51 would make it error for a trial judge to give an instruction after counsel had made closing arguments, but I would not put the trial judge in error, because I do not think the plaintiffs argued to the trial judge what they argue here, that the giving of the “sudden emergency” instruction was highly prejudicial and that they should at least be allowed to argue to the jury why the evidence in the case made the instruction inapplicable. The spirit of Rule 1 is to dispose of cases on their merits. I believe the plaintiffs should have made to the trial judge the arguments they make here. Consequently, I must respectfully dissent.
ALMON, J., concurs.