TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00389-CV







Owens-Corning Fiberglas Corporation, Appellant



v.



Rondle Eugene Gordon and Mary Gordon, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 91-17002A, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM



 Appellant Owens-Corning Fiberglas Corporation ("Owens-Corning") challenges
a trial-court judgment rendered in favor of appellees Rondle Eugene Gordon and Mary Gordon. 
The Gordons sued to recover damages for injuries Rondle Gordon sustained after inhaling, over
many years, asbestos fibers dispersed from Owens-Corning insulation. 

 The Gordons are Alabama residents who brought suit in Texas under Texas Civil
Practice and Remedies Code section 71.031. Tex. Civ. Prac. & Rem. Code Ann. § 71.031
(1986). Therefore, the suit was controlled by Alabama substantive law and Texas procedural law. 
Id. The Gordons sued on the basis of negligence and of the Alabama Extended Manufacturer's
Liability Doctrine ("AEMLD"), which is Alabama's product liability law. The jury found in
favor of the Gordons on both theories and the trial court rendered judgment on the verdict. We
will affirm the trial-court judgment.

 By point of error two, Owens-Corning complains that the trial court erred in
defining "negligence." To obtain reversal for an improper jury instruction, Owens-Corning must
prove that the instruction was wrong and that it was reasonably calculated to and probably did
cause rendition of an improper judgment. Tex. R. App. P. 81(b)(1); Reinhart v. Young, 906
S.W.2d 471, 473 (Tex. 1995).

 Owens-Corning complains of a jury instruction stated that the manufacturer had a
duty to exercise "reasonable care not to design and/or place on the market a product that the
manufacturer reasonably could have anticipated would become, and which did become, dangerous
to human life or health when put to its intended, ordinary and customary use." Owens-Corning
claims that the instruction does not limit the dangers to those that were reasonably foreseeable and
that it therefore effectively converted the manufacturer into a guarantor of its product. We
disagree. 

 While we agree with Owens-Corning's assertion that a manufacturer is not the
guarantor of its product, we fail to see how the charge offends that proposition. The provision
that the manufacturer should not place a product on the market that it "reasonably could have
anticipated would become . . . dangerous" incorporates the idea of foreseeability into the charge
because "anticipate" is synonymous with "foresee." See Webster's Third New International
Dictionary 94 (Philip B. Gove, ed., 1986). 

 Moreover, the language mirrors language approved by the Alabama Supreme Court
in describing a manufacturer's liability for negligence. See, e.g., Harnischfeger Corp. 

v. Harris, 190 So.2d 286, 289 (Ala. 1966) (manufacturer's liability attaches "if the injury [should]
have been reasonably anticipated"); Sears, Roebuck & Co. v. Morris, 136 So.2d 883, 885 (Ala.
1962) (manufacturer is liable if injury "might have been reasonably anticipated"). 

 Finally, the language is almost identical to Alabama Pattern Jury Instruction (APJI)
32.01, which Owens-Corning asked the trial court to take judicial notice of as a correct statement
of Alabama law. APJI 32.01 provides that the manufacturer of a product "which may be
reasonably anticipated to be dangerous" owes a duty to exercise reasonable care in the
manufacture of its product. We conclude that Owens-Corning's argument has no merit. We
overrule point of error two.

 The trial court defined "unreasonably dangerous/defective" as "dangerous to an
extent beyond that contemplated by persons who should be expected to use or be exposed to the
products." By point of error one, Owens-Corning claims that the trial court erred in defining
"unreasonably dangerous/defective" because the definition did not require the jury to base its
decision on the "ordinary consumer" standard required by Alabama law. The gist of Owens-Corning's complaint is that it changes the standard from an objective ("ordinary consumer") to
a subjective one ("persons who should be expected to use or be exposed to"). 

 We need not address the merits of point one because the judgment is independently
supported by the negligence verdict. Tex. R. App. P. 81; Boatland of Houston, Inc. v. Bailey,
609 S.W.2d 743, 750 (Tex. 1980). However, we note that we rejected the same argument on its
merits in Owens-Corning Fiberglas Corp. v. Wasiak, 917 S.W.2d 883 (Tex. App.--Austin 1996,
writ requested). In Wasiak, we held that the charge was not subjective and that, because it
essentially followed language used in Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala. 1976),
it was correct. Nothing in this presentation persuades us that we erred. The person who should
be expected to use or be exposed to the product is the ordinary consumer. We overrule point of
error one.

 We affirm the trial-court judgment.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: April 17, 1996

Do Not Publish 



hich is Alabama's product liability law. The jury found in
favor of the Gordons on both theories and the trial court rendered judgment on the verdict. We
will affirm the trial-court judgment.

 By point of error two, Owens-Corning complains that the trial court erred in
defining "negligence." To obtain reversal for an improper jury instruction, Owens-Corning must
prove that the instruction was wrong and that it was reasonably calculated to and probably did
cause rendition of an improper judgment. Tex. R. App. P. 81(b)(1); Reinhart v. Young, 906
S.W.2d 471, 473 (Tex. 1995).

 Owens-Corning complains of a jury instruction stated that the manufacturer had a
duty to exercise "reasonable care not to design and/or place on the market a product that the
manufacturer reasonably could have anticipated would become, and which did become, dangerous
to human life or health when put to its intended, ordinary and customary use." Owens-Corning
claims that the instruction does not limit the dangers to those that were reasonably foreseeable and
that it therefore effectively converted the manufacturer into a guarantor of its product. We
disagree. 

 While we agree with Owens-Corning's assertion that a manufacturer is not the
guarantor of its product, we fail to see how the charge offends that proposition. The provision
that the manufacturer should not place a product on the market that it "reasonably could have
anticipated would become . . . dangerous" incorporates the idea of foreseeability into the charge
because "anticipate" is synonymous with "foresee." See Webster's Third New International
Dictionary 94 (Philip B. Gove, ed., 1986). 

 Moreover, the language mirrors language approved by the Alabama Supreme Court
in describing a manufacturer's liability for negligence. See, e.g., Harnischfeger Corp. 

v. Harris, 190 So.2d 286, 289 (Ala. 1966) (manufacturer's liability attaches "if the injury [should]
have been reasonably anticipated"); Sears, Roebuck & Co. v. Morris, 136 So.2d 883, 885 (Ala.
1962) (manufacturer is liable if injury "might have been reasonably anticipated").