EDMUND A. TOMCZUK ET AL. *v.* TOWN OF
CHESHIRE ET AL.

SUPERIOR COURT          TOLLAND COUNTY          FILE NO. 10355

Memorandum filed November 24, 1965

*Gryk & Gryk,* of Manchester, for the plaintiffs.

*Leone & Throwe,* of East Hartford, for the named defendant.

*Schatz, Weinstein & Seltzer,* of Hartford, for defendant Barker's of Meriden, Inc.

*Rogin, Nassau, Caplan & Lassman,* of Hartford, for defendant Union Cycle Company, Ltd.

*Bailey, Wechsler & Shea,* of Hartford, for defendant highway commissioner.

*Butler, Volpe & Sacco,* of Hartford, for defendants Carta.

SHAPIRO, J.  The Union Cycle Company, Ltd., has demurred to the first and second counts of the complaint "because they fail to allege that the plaintiffs gave this defendant notice of the alleged breaches of warranty within a reasonable time after they allegedly occurred."  It is claimed that this alleged breach of warranties gave rise to the minor plaintiff's accident and injuries.

The complaint states that Union Cycle manufactured a certain type of bicycle and sold it to the general public through its dealer, the defendant Barker's of Meriden, Inc.; that on or about June 1, 1964, the defendants Mr. and Mrs. Anthony S. Carta bought one of these bicycles from Barker's as a present for their minor daughter, Toni; that on June 7, 1964, the plaintiff Sandra Tomczuk, also a minor, was a guest at the Carta home and while there used this bicycle and was caused to be thrown from it and injured due to certain defects in the bicycle. As directed against the defendant Union Cycle, the plaintiffs claim a breach of an express warranty in the first count, and a breach of an implied warranty in the second count. While no reference is made to any particular statute, it is quite apparent that the first count involves § 42a-2-313 of the General Statutes, and the second count involves § 42a-2-315. The allegations also involve § 42a-2-318, which extends a seller's warranty "to any natural person who is in the family or household of his buyer or who is a guest in his home."

Section 42a-2-607 in part provides: "(3) Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; . . . ." Union Cycle contends that the definition of a "seller" under § 42a-2-103 (1) (d), being "a person who sells or contracts to sell goods," is not limited only to the vendor immediately prior to the time of injury (in the case at hand, being Barker's) but includes the manufacturer (here being Union Cycle) who sold to the retailer, Barker's. Union Cycle further claims that since the plaintiffs seek to impose on it all the duties imposed by the Uniform Commercial Code on sellers, it is only reasonable that Union Cycle be given the notice rights of a seller, since the underly-

ing theory of notice is to give the defendant an opportunity to inspect allegedly defective goods so that he can assess his liability.

It is true, as claimed by Union Cycle, that the plaintiffs' right of action derives from the Uniform Commercial Code, particularly § 42a-2-318. The code took effect on October 1, 1961. In *Hamon* v. *Digliani,* 148 Conn. 710, decided October 3, 1961, where a claim was made for a breach of express and implied warranties, it was held that where a manufacturer puts a commodity for personal use or consumption on the market in a sealed package or other closed container, it should be held to have impliedly warranted to the ultimate consumer that the product is reasonably fit for the purpose intended, and that lack of privity is not a bar to suit under these circumstances. In the *Hamon* case is cited that of *Henningsen* v. *Bloomfield Motors, Inc.,* 32 N.J. 358, where it was held that the implied warranty of merchantability chargeable to either the manufacturer or the dealer extends to the purchaser, the members of his family and to other persons who use the automobile with the owner's consent. No question of notice analogous to the issue at hand is involved in either case. Thus it can be seen that the principles there enunciated have been embodied in a somewhat broader form in §§ 42a-2-315 and 42a-2-318.

Section 42a-2-103 (1) states: "(a) 'Buyer' means a person who buys or contracts to buy goods. . . . (d) 'Seller' means a person who sells or contracts to sell goods." Section 42a-2-106 (1) provides in part: "A 'sale' consists in the passing of title from the seller to the buyer for a price . . . ." Where § 42a-2-607 (3) speaks of a "tender," it means a tender of goods. A tender is an offer. *Smith* v. *Lewis,* 26 Conn. 110, 118. Thus, under § 42a-2-607 (3), where the tender or offer of goods

is accepted, the buyer is required to notify the seller of any breach. Applied to the issue at hand, does the code require that a guest in the home of the ultimate buyer, injured by breach of an express or implied warranty, must notify the manufacturer of the breach, and is the manufacturer, Union Cycle, to be treated as a seller, the same as the retailer, Barker's, who purchased the bicycle from Union Cycle for sale to the public?

It is being argued by Union Cycle that it is a "seller" as intended by § 42a-2-103 (1) (d). However, it cannot be argued that the plaintiff Sandra Tomczuk is a "buyer" under the meaning of the statute. It cannot be said that a "sale" was made by Union Cycle to the Cartas. It is not disputed that the bicycle was sold by Union Cycle to Barker's. Thus, title passed from the former as seller to the latter as buyer, and when Barker's sold to the Cartas, once again title was passed by Barker's as the seller to the Cartas as the buyer. Section 42a-2-313 speaks of certain conduct "by the seller to the buyer." Section 42a-2-315 embodies reference to "the seller" and to "the buyer . . . relying on the seller's skill or judgment." The legislature intended to make a distinction between the manufacturer as a seller to a retailer as buyer and the retailer as a seller to the public as buyer, for in § 42a-2-607 (5) it is provided that "[w]here the buyer is sued for breach of a warranty . . . (a) he may give his seller written notice of the litigation." The term "his seller" obviously refers to the person who made the immediate sale to one who is his buyer.

Simply because the legislature created certain rights in a third party beneficiary as to express or implied warranties, in adopting § 42a-2-318, does not mean that by implication such a beneficiary must give notice of an alleged breach to the manu-

facturer. If it were the legislative intent to require such notice, the code would have said so. Nowhere is there any indication that the manufacturer and the third party beneficiary are to be construed as seller and buyer, respectively. Just the contrary appears evident. It may have had its own reason for not setting forth a requirement of giving notice by a third party beneficiary to the manufacturer. Even though it might seem more just or equitable that such a beneficiary be required to give notice in the same manner as a buyer, this court cannot legislate what Union Cycle seeks here. In the body of the code, as already shown, the legislature has defined a buyer, a seller, and a sale, has related a seller's warranty to the "household of his [seller's] buyer," and has provided for notice of a breach of warranty as between the buyer and the seller. "Such a [third party] beneficiary does not fall within the reason of . . . [§ 42a-2-607 (3)] in regard to discovery of defects and the giving of notice within a reasonable time after acceptance, since he has nothing to do with acceptance." 19 Conn. Gen. Stat. Ann. 293 n.5 (1960) (Uniform Commercial Code comment; see "Scope of the Uniform Commercial Code," by William F. Starr, professor of law, University of Connecticut, at 19 Conn. Gen. Stat. Ann. 31, 32). With this, I fully agree. Such beneficiaries, namely, the plaintiffs here, were not required to give the notice as claimed by Union Cycle, because such a requirement does not exist.

For the reasons given, the demurrer is overruled.