[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 511 
The United States District Court for the Southern District of Alabama, Southern Division, requests that this court re-examine certain questions previously certified to this court in an action for breach of warranty brought by Albert Johnson, Alfred Love, and Thomas Simmons for personal injuries they sustained due to defects in sandblasting hoods manufactured and distributed by Clemco Industries and/or Pulmosan Safety Equipment Company.
The plaintiffs were employed as sandblasters for Bender Welding and Machine Company and contracted silicosis (a lung condition), which they attribute to defects in the hoods which were designed to protect them from such hazards. Thomas Simmons died as a result of his condition, and his action was revived by his wife, Martha Simmons, as executrix of his estate. The federal district court pursuant to Rule 18 of the ARAP submitted six certified questions dealing with breach of warranties and the survival of actions. We only found it necessary to answer Certified Question No. 5 since, in light of that question as framed, the UCC was not applicable and pre-Code law governed. See Johnson v. American Mutual LiabilityInsurance Co., Ala., 368 So.2d 506 (1978). However, on October 17, 1978, the federal district court resubmitted the remaining questions along with the following additional facts:
 Each plaintiff contends that he was supplied by his employer with canvas sandblasting hoods manufactured by Pulmosan and/or Clemco and that these goods were purchased and used after the effective date of the Uniform Commercial Code as well as before. Furthermore, the plaintiffs contend that these goods also caused or contributed to their injuries and/or the death of Thomas Simmons.
Since from the additional facts it appears the UCC is applicable, the question as to the effective date of the Code is no longer determinative of the action and we now answer the remaining questions. For convenience, we consider Certified Questions Nos. 1 and 2 together.
 I II Does Code of Alabama 1975, § 7-2-725 require that all actionsbased on breach of warranty under Code of Alabama § 7-2-313, §7-2-314, § 7-2-315 and § 7-2-318 be brought within four yearsafter tender of delivery is made unless the damages areinjuries to the person in the case of consumer goods or unlessa warranty explicitly extends to future performance of thegoods?
Does Code of Alabama 1975, § 7-2-725 require that all actionsfor personal injury arising out of an alleged breach ofwarranty under Code of Alabama 1975, § 7-2-313, § 7-2-314, §7-2-315, and § 7-2-318 be brought within four years after thediscovery of injury or the discovery of facts which wouldreasonably lead to such discovery? *Page 512 
The statute of limitations for breach of warranty is found in section 7-2-725, which states in pertinent part:
 (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .
 (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.
Ala. Code § 7-2-725 (1975).
The Code, then, provides that generally an action for breach of warranty must be brought within four years of tender of delivery. However, there are two exceptions to this general rule, one, where the warranty explicitly extends to future performance of the goods, and the other, where the damages are injury to the person in the case of consumer goods. The question is whether all personal injuries are included within this latter exception from the tender of delivery rule.
The addition of the provision for personal injury in the case of consumer goods to section 7-2-725 is a departure from the standard version of the UCC and is unique among the states adopting the Code. The legislature was specific in creating this exception from the tender of delivery rule, and it clearly applies only to personal injuries in the case of consumer goods. Had the legislature intended all actions for personal injury resulting from breach of warranty to come within the exception, then it would have been a simple matter to omit the phrase "in the case of consumer goods" particularly in light of the language employed in section 7-2-715 (2)(b),[1] which speaks in terms of personal injury only. To go beyond the plain meaning of section 7-2-725 and exclude all actions involving personal injury from the tender of delivery date would result in judicial legislation which we are not prepared to do.
Other jurisdictions, relying on the plain meaning of the statute, have held in actions involving personal injury sustained as a result of breach of warranty that the UCC statute of limitations starts to run at tender of delivery. InMoody v. Sears, Roebuck Co., 324 F. Supp. 844 (S.D.Ga. 1971), the plaintiff was injured when an aluminum extension ladder failed in use. The court held that suit for breach of warranty must be commenced within four years of tender of delivery regardless of the aggrieved party's lack of knowledge of the breach. The plaintiff in Hoffman v. A.B. Chance Co.,339 F. Supp. 1385 (M.D.Pa. 1972), was injured when he fell from an allegedly defective hydraulic aerial platform purchased by his employer to facilitate his work. The court computed the limitation period as beginning from tender of delivery and not from the date of the injury. Accord, Waldron v. ArmstrongRubber Co., 64 Mich. App. 626, 236 N.W.2d 722 (1975).
Accordingly, we answer Certified Question No. 1 in the affirmative and No. 2 in the negative.
 III Under the provisions of Code of Alabama 1975, § 6-2-39, mustan action for personal injury arising out of an alleged breachof warranty under Code of Alabama 1975, § 7-2-313, § 7-2-314, §7-2-315, and § 7-2-318 be brought within one year after thediscovery of the injury or the discovery of facts which wouldreasonably lead to discovery of an injury? *Page 513 
In answering Certified Question No. 3, we note that the parties agree that section 6-2-39 is not applicable. By its terms, this section does not apply to actions for breach of warranty since such actions are ex contractu. The statute provides: "(a) The following must be commenced within one year: . . . (5) Actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section. . . ." Ala. Code § 6-2-39 (a)(5) (1975) (emphasis added). This court has held actions for breach of warranty ex contractu, Geohagan v. General Motors Corp.,291 Ala. 167, 279 So.2d 436 (1973), and that the one year statute of limitations is not applicable to breach of warranty even when the breach results in personal injury, see Vines v.Crescent Transit Co., 264 Ala. 114, 85 So.2d 436 (1955).Accord, Roberts v. General Dynamics, Convair Corp., 425 F. Supp. 688
(S.D.Tex. 1977); Anderson v. Fairchild Hiller Corp.,358 F. Supp. 976 (D.Alaska 1973); Waldron v. Armstrong Rubber Co.,supra; Salvador v. I.H. English of Phila., Inc., 224 Pa. Super. 377, 307 A.2d 398 (1973), aff'd sub nom. 457 Pa. 24,319 A.2d 903 (1974).
Furthermore, in Atkins v. American Motors Corp.,335 So.2d 134 (Ala. 1976), we maintained the distinction between remedy in tort and for breach of warranty. Id. at 139. To apply the one year statute of limitations to breach of warranty actions would help obliterate the distinction between the two theories of recovery. Accordingly, we answer Certified Question No. 3 in the negative and hold that section 7-2-725 contains the appropriate statute of limitations.
 IV Does Code of Alabama 1975, § 7-2-607, require all personsseeking recovery under Code of Alabama 1975, § 7-2-313, §7-2-314, § 7-2-315 and § 7-2-318 to give notice of an allegedbreach of warranty prior to filing a civil action based oneither Code of Alabama 1975, § 7-2-313, § 7-2-315, and/or §7-2-318?
Section 7-2-715 provides for recovery for personal injury as part of the buyer's consequential damages for breach of warranty. The seller's warranty is extended in section 7-2-318
to any natural person who is reasonably expected to use, consume, or be affected by the goods and who is injured in person by the breach. Accordingly, the legislature has eliminated the requirement of privity when the breach causes personal injury and has extended the right to recover for such injuries to the third party beneficiaries of the warranty,i.e., the warranty beneficiaries.
As a precondition to recovery, however, the seller is entitled to notice of his breach at least by the buyer. Section7-2-607 (3)(a) provides: "Where a tender has been accepted: (a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy. . . ." The question arises whether the warranty beneficiary must give notice or likewise be barred from recovery. We hold that he does not.
The express language of the Code is "the buyer must within a reasonable time . . . notify the seller . . . or be barred from any remedy. . . ." Ala. Code § 7-2-607 (3)(a) (1975) (emphasis added). There is no provision for anyone other than the buyer to give notice. A buyer is defined as "a person who buys or contracts to buy goods." Ala. Code § 7-2-103 (1)(a) (1975). Clearly, then, a warranty beneficiary is not within this definition. Although in Bishop v. Sales, 336 So.2d 1340 (Ala. 1976), we held that "[s]ellers and buyers are not limited by definition to retailers and consumers," id. at 1343, a careful reading reveals that we did not extend the term "buyer" beyond the Code definition. Since the express language of the Code requires only buyers to give notice and a warranty beneficiary is not within the definition of buyer, notice is not required of such beneficiaries. As was said in Frericks v. GeneralMotors Corp., 278 Md. 304, 363 A.2d 460, 465 (1976), quotingTomczuk v. Town of Cheshire, 26 Conn. Sup. 219, 217 A.2d 71
(1965):
 "Simply because the legislature created certain rights in a third party beneficiary *Page 514 
as to express or implied warranties, in adopting § 42a-2-318, does not mean that by implication such a beneficiary must give notice of an alleged breach to the manufacturer. If it were the legislative intent to require such notice, the code would have said so. Nowhere is there any indication that the manufacturer and the third party beneficiary are to be construed as seller and buyer, respectively. Just the contrary appears evident. It may have had its own reason for not setting forth a requirement of giving notice by a third party beneficiary to the manufacturer. Even though it might seem more just or equitable that such a beneficiary be required to give notice in the same manner as a buyer, this court cannot legislate what Union Cycle seeks here."
We note that Comment 5 to section 7-2-607 states:
 Under this Article various beneficiaries are given rights for injuries sustained by them because of the seller's breach of warranty. Such a beneficiary does not fall within the reason of the present section in regard to discovery of defects and the giving of notice within a reasonable time after acceptance, since he has nothing to do with acceptance. However, the reason of this section does extend to requiring the beneficiary to notify the seller that an injury has occurred. . . .
Though the official comments are a valuable aid in construction, they have not been enacted by the legislature and are not necessarily representative of legislative intent. The legislature has manifested by amendments[2] to the standard version of the Uniform Commercial Code an intent to expand the right of recovery for personal injury arising from breach of warranty. Atkins v. American Motors Corp., 335 So.2d 134,141-42 (Ala. 1976). If the legislature intended to require warranty beneficiaries to give notice, then it is presumed the legislature would have included such a provision particularly in light of the other specific amendments. Cf. Page v. CamperCity Mobile Home Sales, 292 Ala. 562, 297 So.2d 810 (1974).
Furthermore, holding the notice requirement inapplicable to warranty beneficiaries does not frustrate the purposes of section 7-2-607 which are often stated as guarding against stale claims, enabling the seller to marshal evidence for a defense, and allowing the seller to correct the defect or to mitigate damages. See J. White R. Summers, Handbook of the Law Under the Uniform Commercial Code 344 (1972). The statute of limitations adequately protects against stale claims, and in cases of personal injury, notice is inconsequential in preventing or mitigating the harm since the injury has already occurred. Frericks v. General Motors Corp., supra. Finally, the second policy, that is, to afford the seller an opportunity to prepare a defense, is not given much weight by the courts, writers, *Page 515 
and even the draftsmen of the Code. See J. White R. Summers,supra, at 345.
Though there are no decisions in Alabama dealing with this question, other jurisdictions have uniformly held that the notice requirement is inapplicable to a warranty beneficiary.See, e.g., Tomczuk v. Town of Cheshire, supra; Chaffin v.Atlanta Coca Cola Bottling Co., 127 Ga. App. 619, 194 S.E.2d 513
(1972); Mattos, Inc. v. Hash, 279 Md. 371, 368 A.2d 993 (1977) (employee was injured by clamp purchased from defendant by employer for use by employees on the job); Frericks v. GeneralMotors Corp., supra.
For the above mentioned reasons, we answer Certified Question No. 4 in the negative.
 VI Does an action for breach of warranty brought by a plaintiffunder Title 7, §§ 7-2-313, 7-2-314, and 7-2-315 survive thedeath of the plaintiff in favor of his personal representative,for the recovery of lost wages, pain and suffering, medicalexpenses and other damages which occurred between the time ofthe alleged breach of warranty and death of the plaintiff, inthe circumstances where the plaintiff died as a result of thealleged breach of warranty, after the action had been broughtby him?
By statute, claims for personal injury survive the death of the plaintiff in favor of his personal representative.
 [A]ll claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives . . . .
Ala. Code § 6-5-462 (1975).
There is a line of decisions of this court dating from 1930 holding that actions for personal injuries do not survive if death results from the injuries. See, e.g., Carroll v. FloralaMemorial Hospital, Inc., 288 Ala. 118, 257 So.2d 837 (1972);Parker v. Fies Sons, 243 Ala. 348, 10 So.2d 13 (1942); Brucev. Collier, 221 Ala. 22, 127 So. 553 (1930). These decisions, however, do not distinguish between actions based on tort and those based on contract. In fact, it seems these cases contemplate only a tort action where an action for wrongful death lies.
In Bruce v. Collier, supra, plaintiff brought suit for injuries he sustained as a result of the negligent or wanton operation of a truck on the public highways by defendant's employee. While that action was pending, plaintiff died as a result of the injuries sustained. This court stated the issue as follows: "Does an action for personal injuries begun by the decedent while in life, survive to his personal representative if death results from the same tort, giving rise to an actionunder the homicide act?" [emphasis added.] Id. at 23, 127 So. at 554. The court, in holding such actions do not survive, stated:
 [T]he Code . . . was amended . . so that now actions for "injuries to the person" do survive. Does this mean injuries causing death, those covered by the Homicide Act? We think not. There is a clear field for the operation of this amendment in cases where pending a suit for personal injury the plaintiff dies from other cause than the injury sued for.
 Two actions by the same administrator against the same defendant for the same tort, prosecuted to separate judgments, would present a situation so unusual and extraordinary that clear legislative intent should appear.
Id.
The subsequent cases reaching this same result also involve a tort action with a "consequent right of action for wrongful death." See, e.g., Carroll v. Florala Memorial Hospital, Inc.,supra; Parker v. Fies Sons, supra.
The instant case involves a contract action, not a tort action, for breach of warranty where plaintiff is seeking only compensatory damages. Furthermore, Geohagan v. General MotorsCorp., 291 Ala. 167, *Page 516 279 So.2d 436 (1973), held that an action ex contractu does not give rise to an action for wrongful death. Therefore, the instant case appears to fall outside the purview of Bruce
and its progeny. Ordinarily, contract actions do survive in favor of the personal representative, State ex rel. King v.Pearce, 14 Ala. App. 628, 71 So. 656 (1916), and the fact that plaintiff died as a result of the injuries sued upon does not change this general rule. Accordingly, we answer Certified Question No. 6 in the affirmative.
CERTIFIED QUESTIONS ANSWERED.
All the Justices concur.
[1] Section 7-2-715 (2)(b) provides for the recovery of personal injuries arising from breach of contract. It states in part: "(2) Consequential damages resulting from the seller's breach include: . . . (b) Injury to person or property proximately resulting from any breach of warranty." Ala. Code § 7-2-715
(2)(b) (1975) (emphasis added).
[2] Alabama adopted the UCC in 1965 as Act. No. 549, effective January 1, 1967, with six major amendments to the standard version. These amendments are:
 (1) § [Section] 2-316 was amended to add subsection 5 prohibiting the seller from limiting or excluding his liability for damages for injuries to the person in the case of consumer goods.
 (2) § [Section] 2-318 was amended to extend the ambit of the seller's warranty to any natural person who might reasonably be expected to use, consume or be affected by the goods.
 (3) § [Section] 2-714 (2) was amended so as to make it clear that the damages allowable in actions for injury to the person are the same as those damages ordinarily allowable in such actions at law.
 (4) § [Section] 2-715 (2)(b) was added to allow the recovery of consequential damages in cases involving injuries to personal property resulting from a breach of warranty.
 (5) § [Section] 2-719 (4) was added to prevent the seller from contractually modifying or limiting the buyer's remedy in cases for damages for injury to the person in the case of consumer goods.
 (6) § [Section] 2-725 (2) was amended to provide that a cause of action for injury to the person in the case of consumer goods arises when the injury occurs as opposed to when the sale takes place, thus extending the statute of limitation.
Atkins v. American Motors Corp., 335 So.2d 134, 141-42
(1976).