[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a motion dated November 21, 1994, and filed with the court on November 22, 1994, plaintiffs Kevin and Kim Wagner seek the court's permission to amend their original complaint that was filed on October 30, 1991. The original and amended complaint are in two counts and state a claim of product liability against the defendants Clark Equipment Company and Summit Handling Systems, Inc.
The action arises out of an injury to Kevin Wagner while he was employed by General Dynamics, Inc. According to both the original and proposed amended complaint, Kevin Wagner was injured when a forklift ran over his foot when a co-employee/driver was backing it up.
The forklift was manufactured by Clark, and later purchased by CT Page 7196 General Dynamics, through Clark's distributor, Summit. Plaintiff basically claims that the forklift was improperly manufactured and sold in that it did not have adequate warning or safety devices that if supplied or installed, would have prevented the accident and injury to Mr. Wagner.
The defendants oppose plaintiffs motion to amend the complaint. The defendants assert that some of the amendments state new causes of action that are barred by the applicable statute of limitations and are thus futile and untimely.
Plaintiffs counter that the proposed amendments do not state any new causes of action, but merely amplify some of the facts that were stated in the original complaint.
Practice Book § 176 requires that a party opposing a request to amend "[specify, in writing] the particular paragraph or paragraphs to which there is an objection and the reasons therefor." Although plaintiff makes some minor changes and amendments throughout the entire proposed amended complaint, the defendants, in their brief, have only specifically objected to paragraphs 5, 7j, 7k, 7o, 7p, and 7r. The court will only consider these, and thus allow the other amendments not specifically objected to.
DISCUSSION
Connecticut courts generally follow a liberal policy in allowing amendments to complaints. See Cooper v. Ketover,35 Conn. Sup. 38, 42, 393 A.2d 64 (1978). The standard that the trial court must use when ruling on a request to amend was succinctly stated by our appellate court in the case of Jonapv. Silver, 1 Conn. App. 550, 555-56, 474 A.2d 800 (1983). The court noted:
 The trial court may allow, in its discretion, an amendment to pleadings. . . . Such a ruling can be reversed only upon a clear showing of an abuse of discretion. . . . Factors to be considered in determining whether there has been an abuse of discretion include unreasonable delay, fairness to opposing parties and the negligence of the party offering the amendment. . . .
An amended complaint, if permitted, relates back to CT Page 7197 and is treated as filed at the time of the original complaint unless it alleges a new cause of action. . . . A cause of action must arise from a single group of facts. . . . The test for determining whether or not a new cause of action has been alleged is somewhat nebulous. To relate back to the institution of the action the amendment must arise from a single group of facts. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . An amendment may properly expand or amplify what had originally been alleged in support of the cause of action. . . . A change in the allegations of liability, therefore, does not necessarily amount to the introduction of a new cause of action. . . . Where an entirely new and different factual situation is presented, however, a new and different cause of action is stated.
(Citations omitted; internal quotation marks omitted.) Id.
The court, upon a careful review of the original pleading and plaintiffs' proposed amendments, finds that the proposed amendments as contained in paragraphs 5, 7j, 7k, and 7o and 7p of plaintiffs' amended complaint are amplifications of facts and circumstances that appeared in the original complaint.
The amendment to paragraph five more clearly states that the safety and/or warning device installed on the forklift was selected by the distributor/defendant Summit.
The amendments of 7j, 7k, 7o, and 7p in the amended complaint certainly arise out of the same facts as the original complaint, and go on to make claims that the defendants also owed a duty to warn the plaintiff, Mr. Wagner, of any harm that may arise from the operation of the forklift, and that the forklift was defective in that it did not have a CT Page 7198 complete warning system designed to prevent accidents or collisions.
The court finds that the defendants will not be prejudiced by allowing the above referenced amendments, and therefore plaintiffs request to amend as contained in paragraphs 7j, 7k, 7o, and 7p is granted.
In subparagraph 7o of the original complaint, plaintiffs' allege that the defendants breached the implied warranty of merchant ability when it sold the forklift to General Dynamics. In paragraph 7r of the proposed amended complaint, the plaintiffs allege that the defendant Summit breached the implied warranty that the forklift was fit for a particular purpose under Connecticut General Statutes § 42a-2-315. The defendants opposes this claim on the ground that the plaintiff, Mr. Wagner, was not the purchaser of the forklift. The defendants further claim that Mr. Wagner failed to provide adequate notice to the seller under General Statutes § 42a-2-607. Defendants also assert that this alleged new cause of action would not relate back to the original complaint, and thus is futile because it is barred by the four year statute of limitations.
In response, the plaintiffs cite to the case of Tomczukv. Cheshire, 26 Conn. Sup. 219, 217 A.2d 71 (1965) for the proposition that non-buyers are not required to give notice to sellers of products for alleged breaches of implied warranties. A close reading of that case demonstrates that the injured plaintiff was a guest in the home of the actual buyers of a defective bicycle, and thus received the benefit of an extension of the warranty under General Statutes § 42a-2-318. Mr. Wagner can not rely on the same statute in this case because he does not come within its purview in that he is not a family member or a guest in of the house of the buyer, General Dynamics.
Therefore, the court finds that plaintiffs' motion to amend their complaint to add a claim for a breach of the implied warranty of merchantability should be denied because it states a new cause of action which would be barred by the four year statute of limitations. Therefore, the new claim would be futile. Furthermore, the plaintiffs have failed to properly notice the defendants of the alleged breach as required by General Statutes § 42a-2-607. CT Page 7199
CONCLUSION
For the above stated reasons, the plaintiffs' request to amend their complaint as to paragraph 5 and to sub-paragraphs 7k, 7j, 7o, and 7p is granted. Plaintiffs' request to amend the complaint to state a cause of action for a breach of an implied warranty that the forklift was fit for a particular purpose in sub-paragraph 7r is denied.
Hurley, J.