I believe that the statute of limitations that applies to the Dentons' action is four years from the date of injury. Therefore, because their action was filed within the applicable *Page 954 
statute of limitations, I believe summary judgment entered by the trial court is due to be reversed.
The Dentons' action was specifically brought under a theory of breach of implied warranties in the sale of goods. If the majority is correct in its determination that the North Carolina statute of limitations that would apply to this action is merely procedural, then this court must determine what the statute of limitations would be if this action were filed under Alabama substantive law.
Although the North Carolina statute under which this action was filed is labeled a products liability act, the Dentons' claim is actually a U.C.C.-type claim. Therefore, the correct statute of limitations to apply is the one applicable to actions for breach of implied warranty, not the one applicable to products liability actions. Under Alabama law, an action for personal injuries arising out of an alleged breach of implied warranty in the sale of goods is contractual in nature and the applicable statute of limitations is four years. See Simmons v.Clemco Industries, 368 So.2d 509 (Ala. 1979).