[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF PLAINTIFF'S MOTION TO STRIKE
This is a products liability action and arises out of a serious injury suffered by a worker using a machine manufactured by the defendant manufacturer. The plaintiff has filed a motion to strike the Fourth, Fifth and Sixth Special Defenses.
Fourth Special Defense
CT Page 4161
This special defense reads as follows:
 "To the extent that the plaintiff purports to set forth any cause of action based upon breach of any express and/or implied warranty arising out of the Uniform Commercial Code, such a claim is barred for the failure of the plaintiff to give notice of any alleged breach to this defendant pursuant to § 42-2-607 of the Connecticut General Statutes."
Section 42a-2-607 of the General Statutes states that "(3) Where a tender has been accepted (a) the buyer must within a reasonable time after he (sic) discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."
Is it a reasonable construction of this section of the commercial code to hold that it applies to bar a suit by an injured worker against the manufacturer of the machinery which injured the worker? No appellate courts have dealt with this issue but Tomczuk v. Town of Cheshire, et al., 26 Conn. Sup. 219
(1965) can be read to hold that under the code and specifically § 42a-2-607 a third party beneficiary of express and implied warranties is not required to give notice of their breach to the manufacturer, id. p. 223. The unreported decision of KevinWagner, et al v. Clark Equipment Co., et al., 1995 Lexis 1739 in commenting on Tomczuk does not reach a contrary result. In other words, Wagner proceeds on the underlying assumption that the plaintiff employee, injured by a forklift truck, could not take advantage of the extension of the seller's warranty under §42a-2-318 because he was not a family member or guest in the buyer's house. Therefore the issue of the applicability of the notice provisions of § 42a-2-607 was not reached by the court.
A reading of the code seems to make clear that an injured worker bringing a product liability claim does not have to give such notice. Section 42a-2-607 applies its notice requirement to "the buyer." A "buyer" is defined in § 42a-2-103 (1)(a) as "a person who buys or contracts to buy goods." Section 42a-2-607
says the notice provisions apply to the buyer "where a tender has been accepted." Obviously, the injured employee is not the "buyer" and has nothing to do with the acceptance of tender of CT Page 4162 the machinery which injured him or her. The section requires that the "buyer" give notice to the "seller." No reasonable constructions of this code provision could construe the equipment manufacturer as a "seller" to the worker claimed to be injured by machinery.
A quote from Anderson, Uniform Commercial Code, Vol 4, § 2-607:24 at page 135, at least for the court, settles the matter and indicates the motion to strike the special defense should be granted:
 "When a non-purchaser is entitled to sue a seller for such third person's harm resulting from a condition or defect which in itself was a breach of warranty, the requirement of notice to the seller is not applicable. This follows from the fact that the Code, by its express terms merely bars "the buyer for failing to give notice." Conversely, the Code does not bar plaintiffs generally or injured persons generally but only "the buyer." That the term "buyer" is not to be extended beyond its ordinary meaning is made clear by the Code definition that "buyer" means "a person buying or contracting to buy goods." It is therefore clear that when the plaintiff is a "stranger" to the goods he is not bound by the notice provision.
 A practical consideration in support of the right of a third person, who is not a subpurchaser, to sue for breach of warranty although he did not give the defendant seller notice of the defect is that the third person has not had any opportunity to become aware of the existence of the defect prior to its harming him. Furthermore, to hold that notice by the injured person is required would negative the value of the destruction of the doctrine of privity, for the third person although freed from the bar of privity would then be denied recovery because of the failure to have given notice."
At a more basic level and as noted in an earlier discussion CT Page 4163 in Anderson at § 2:607:4, p. 120, it would make no sense under the code to apply the notice provisions to a party in the plaintiff's position:
 "The purpose of the requirement of notice is to protect from stale claims, to indicate to the seller that `the transaction should be watched, and to enable the seller to correct any defect or to adjust the matter by negotiation.
 The purpose of requiring notice of enabling the seller to cure the defect has significance in a commercial setting but has no significance in a personal injury case because the defect has already caused the harm and the seller can do nothing to remedy the situation that has already occurred."
The motion to strike the Fourth Special Defense is granted.
Fifth Special Defense
The Fifth Special Defense reads as follows:
 "To the extent that the plaintiff purports to set forth any cause of action based upon breach of any express and/or implied warranty arising under the Uniform Commercial Code, such claim is barred because the plaintiff does not fit within the category of the third party beneficiaries set forth in § 42a-2-318
of the General Statutes."
Section 42a-2-318 states that:
 "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his (sic) buyer or who is a guest in his (sic) home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of warranty. . . . A seller may not exclude or limit the operation of this section." CT Page 4164
The quoted language of this section of the code makes Connecticut a so-called "Alternative A" state. "Alternative B" states have language which says:
 "A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."
and "Alternative C" states have code sections which read as follows:
 "A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends. As amended 1966."
The language of "B" and "C" are obviously more liberal than "Alternative A" and would easily allow a court that was so minded to extend the seller's warranty under the code (§ 42a-2-315) to employees of the manufacturer buyer. The language of "Alternative A," adopted by our state, is obviously more restrictive — it is difficult to see how that language as quoted from our statute would apply to an employee who as such is not a member of a buyer's household or guest in his or her home. Some courts in "Alternative A" states, however, have held that third party beneficiary status should be extended to include employees of ultimate buyers even under the language of § 42a-2-318 of the code which these courts recognize as being restrictive. InBoddie v. Litton Unit Handling Systems, 455 N.E.2d 142, 151 (Ill. 1983) for example the court adopts the surprising reasoning that, despite the explicit statutory language, "an employee stands in a relationship that is the functional equivalent of a guest or family member," id. p. 151 — whatever that means, if it means anything. CT Page 4165
A perhaps more candid approach is taken in Salvador v.Atlantic Steel Boiler Co., 319 A.2d 903 (Pa. 1974). Although it is an "Alternative A" state, the court did extend third party beneficiary status to employees saying before reaching this result that although an employee was "`definitely in none of these § 2-318 categories' it nevertheless recognized that the Code was not dispositive. `Since the Code was not intended to restrict the case law in this field (see § 42a-2-318, Comment 3. . .," id. p. 905.
The Salvador conclusion is exactly the net effect of the sentence added to § 42a-2-318 which the court omitted from the previously quoted reference to the statute. That sentence says: "This section is neutral with respect to case law or statutory law extending warranties for personal injuries to other persons."
Given the addition of that sentence, nothing in the explicit language of § 42a-2-318 taken as a whole bars an implied warranty claim by an employee under our version of the code. The motion to strike must be granted since the Fifth Special Defense makes that assertion. However, this by no means implies that such a claim under the code should not be prohibited under general case law or statutory law. In other words, nothing would prevent the defendant from filing a special defense to the effect that insofar as the plaintiff makes a breach of express or implied warranty under the code such a claim is barred by a lack of privity or by a claim that our law does not otherwise extend such warranties beyond the "buyer" or the limited categories set forth in § 42a-2-318. The point is that § 42a-2-318 is silent on this question and dictates it must be resolved by reference to case law.[1] The court will not decide that more complicated and difficult issue on the basis of what has been presented and the way in which the issue has been framed.
However, for the reasons stated, the motion to strike the Fifth Special Defense is granted.
Sixth Special Defense
This action is a products liability claim brought pursuant to the Products Liability Act, §§ 52-572m, et seq. The complaint advances two theories, strict liability and breach of implied warranty. CT Page 4166
A motion to strike is directed at the Sixth Special Defense which alleges: "Any injuries, losses or damages allegedly suffered by the plaintiff, Victor Recalde, were proximately caused by the intervening and supervening negligence, unforeseen actions and/or omissions of persons and/or entities for whose conduct the defendant, Werner Pfleiderer Corporation, is not and was not responsible."
The plaintiff has moved to strike this special defense claiming "negligence is not an issue" since the theories of liability under the Products Liability Act are strict liability and implied warranty thus" claims of intervening and negligence have no place in this action. The plaintiff further argues that what the defendant really seeks to do by this special defense is to apportion responsibility to other persons or entities pursuant to § 52-572 (h) of the General Statutes. But by its terms, the tort reform law applies only to negligence actions and this is not a negligence action. See subsection (c) of § 52-572
(h).
The defendant denies having pled § 52-572 (h) as a special defense in its answer. But the defendant argues that as a consequence of the enactment of § 52-572 (o) of the General Statutes regarding comparative responsibility, contributory negligence is special defense to a strict liability or warranty claim because the plaintiff is a "claimant" Under §52-572m(e) of the Product Liability Act so that the negligence the of claimant would result in diminishing the claimant's award of compensatory damage.
Section 52-572 (o) states that as to any claim made under §§ 52-572m to 52-572q rules of comparative responsibility shall apply as to all parties to a products liability action. Subsection (m) includes within the definition of "product liability claim" actions based both on non-intentional theories of liability — negligence, negligent failure to warn, negligent misrepresentation and intentional theories — strict liability, intentional failure to warn and intentional misrepresentation. Given the broad language of § 52-572 (o), it is difficult to see, since it can be hypothesized from a purely factual point of view, why even where an intentional tort theory is advanced as a product liability claim a defense of negligence cannot be put forward to determine the comparative responsibility of parties. At least this is so when the problem is viewed strictly as one of causation — which party in fact caused the injury or loss. But CT Page 4167 the provisions of § 52-572 (o), as made clear in subsection (b), allow for allocation of comparative responsibility only among "parties to the action." The Sixth Special Defense goes too far in that it seeks to raise what is perhaps a negligence defense based on causation, not by just referring to the intervening on supervening negligence of other parties to the action but to such alleged conduct of "persons and/or entities." Section 52-572 (o)(b) cannot be relied on for that purpose, neither can § 52-572 (h).
From that perspective and seeing that the Sixth Special Defense does not explicitly rely on § 52-572 (o) and its application to "parties," the special defense then is superfluous because in its answer the defendant has already denied those paragraphs in the strict liability and breach of warranty counts wherein the plaintiff has alleged the defendant actions in the respective counts "caused the injuries and losses for which the plaintiff seeks compensation," (paragraph 17 of strict liability claim, paragraph 20 of warranty claim.) Causation as such has already been put in issue.
The court will strike the Sixth Special Defense for the reasons stated.
Corradino, J.