STEAGALL, Justice.
Randal Scott Smitherman; Rose Marie Smitherman; and Gwendolyn May Payne, a minor suing by and through her mother, Billie Payne, (hereinafter collectively referred to as “the Smithermans”) sued Stacie Jo Crowder Beavers, alleging that Beavers had negligently caused an automobile collision between the Smithermans’ vehicle and *595 Beavers’s vehicle and that that collision had caused personal injury to the plaintiffs. The jury returned a verdict for Beavers, and the court entered a judgment on that verdict. The Smithermans appeal.
In March 1991, Beavers was traveling north on a three-lane roadway across Hugh Thomas Bridge in Tuscaloosa, Alabama. It was raining heavily. As Beavers slowed her ear to exit the bridge, the car began to hydroplane. Beavers lost control of the ear and veered into the guardrail on her right. Upon impact with the guardrail, Beavers’s car swerved to the left, directly into the center lane of the bridge and into the path of the Smithermans’ car. The two cars collided and the three plaintiffs were injured.
At trial, the parties submitted written proposed jury charges and, after the close of evidence, the court held a conference in chambers to rule upon them. The Smither-mans objected to Beavers’s proposed charge on the “sudden emergency doctrine,” which read:
“If a person without fault of his own is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation; and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence; but the standard of care required in an emergency situation is that care in which a reasonable or prudent person would have exercised under the same or similar circumstances.”
After considering the objection, the trial court marked the charge “Refused.” Immediately following that conference, the parties’ counsel gave their closing arguments, during which neither party mentioned the sudden emergency doctrine. The following day, Beavers’s counsel submitted to the trial court ease law regarding the sudden emergency doctrine. After reviewing that ease law, the court charged the jury as to the doctrine, over the Smithermans’ objection.
On appeal, the Smithermans argue that the trial court erred in reconsidering its ruling on the proposed jury charge after closing arguments. The Smithermans rely on Rule 51, A.R.Civ.P., which provides, in pertinent part:
“At the close of the evidence or at such other time during the trial as the court reasonably directs, any party may file and, in such event, shall serve on all opposing parties written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed actions upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are complete. The judge shall write ‘given’ or ‘refused’ as the case may be, on the request which thereby becomes part of the record.”
Rule 51 requires the trial court to inform the parties’ counsel of its ruling on proposed jury instructions before the parties make their closing arguments; compliance with the rule permits a more intelligent closing argument and alerts counsel to areas for objection at the conclusion of the charge. C. Lyons, Alabama Rules of Civil Procedure Annotated, § 51.3 (2d ed. 1986). Nevertheless, the court’s failure to comply with Rule 51 is not reversible error unless the court refuses to comply even after its attention has been called to the requirements of the rule or prejudice results from the failure to comply. Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977).
Here, the trial court initially complied with the letter of Rule 51 by refusing the sudden emergency doctrine jury charge prior to closing arguments; however, the trial court violated the rule by then giving the jury charge after closing arguments. As the Smithermans point out, the sudden emergency doctrine is a modification of the general standard of care required of a reasonable person and allows for a different correctness of judgment than would be required of an individual who had time and opportunity to fully consider the circumstances. By relying on the court’s initial ruling on the sudden emergency doctrine jury charge, the Smith-ermans lost the opportunity to be heard on an issue central to their claim. We must therefore conclude that the court’s belated reconsideration of its ruling on the charge *596 necessarily prejudiced the Smithermans’ case.
Beavers points out that a party who objects to a given jury charge must ordinarily state specific grounds for the objection before the jury retires for its deliberations. Nelms v. Allied Mills Co., 387 So.2d 152 (Ala.1980). The Smithermans’ counsel failed to object to the trial court’s reconsideration of its ruling on the sudden emergency jury charge after closing arguments; rather, he objected to the charge based on the argument that the evidence did not support it. As this Court indicated in Trimble, however, a specific objection may not be required where prejudice is shown to have resulted from the trial court’s failure to properly comply with the requirements of Rule 51. In such a case, fairness may require some flexibility in reviewing a failure to object to a requested instruction in cases where counsel has not received the benefit of information counsel is entitled to under Rule 51. See C. Lyons, Alabama Rules of Civil Procedure Annotated, § 51.3 (2d ed. 1986).
Based on the facts of this case, we cannot hold that the Smithermans’ failure to specifically object to the trial court’s Rule 51 violation constituted a waiver of the error; accordingly, the judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY and COOK, JJ„ concur.
MADDOX, ALMON and INGRAM, JJ., dissent.