Before closing arguments were made in this case, the trial court prepared verdict forms that collectively referred to Curtis Spivey and Sheryl Spivey as "the plaintiffs," and after closing arguments had been completed, the jury was instructed in accordance with those forms. The Spiveys then requested that the trial court clarify its instructions. The Spiveys requested that the trial court inform the jury that it could rule in favor of either of the plaintiffs individually without finding for them together. The trial court refused the request. The following day of trial, before jury deliberations began, the Spiveys requested that the trial court submit to the jury additional verdict forms indicating that the jury could find for the Spiveys collectively or individually. The trial court agreed to this request. The attorneys for First Commercial objected, arguing:
 "[Mr. Duck:] . . . A jury charge on that issue was not requested at the charge conference and it was not made the basis of any argument presented to the jury. . . .
 "[Mr. Armstrong:] The case was definitely argued based on those forms, and it would have been argued differently if that was going to be the emphasis."
The majority concludes that there was no violation of Rule 51, Ala. R. Civ. P., because the additional verdict forms were not inconsistent with the instructions previously given to the jury and because the trial court was obligated to provide verdict forms that allowed the jury to perform its duties. Rule 51 states:
 "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file and, in such event, shall serve on all opposing parties written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed."
First Commercial argues that Rule 51 was violated by the trial court's decision, after closing arguments had been made, to give the jury additional verdict forms, where the previous jury instructions had merely referred to the plaintiffs collectively. I agree. This Court stated in Smitherman v.Beavers, 628 So.2d 594, 595 (Ala. 1993):
 "Rule 51 requires the trial court to inform the parties' counsel of its ruling on proposed jury instructions before the parties make their closing arguments; compliance with the rule permits a more intelligent closing argument and alerts counsel to areas for objection at the conclusion of the charge. Nevertheless, the court's failure to comply with Rule 51 is not reversible error unless the court refuses to comply even after its attention has been called to the requirements of the rule or prejudice results from the failure to comply."
(Citations omitted.) The Smitherman Court concluded that the plaintiffs in that case were prejudiced as a result of the trial court's decision, after closing arguments had concluded, to instruct the jury on the "sudden emergency doctrine." In today's case, before closing arguments, the trial court, without objection, provided each party with the general verdict forms it intended to give the jury. After closing arguments and after the original instructions were given to the jury, the trial court, at the request of the Spiveys, altered its instructions so that the jury could find for the Spiveys individually.
I believe this change substantially prejudiced First Commercial. Because of the proposed instructions and forms, First Commercial focused its closing arguments on the actions of Curtis Spivey; the evidence presented at trial had focused on his actions. First Commercial argues that its closing argument would have differed materially if it *Page 1329 
had known that individual verdict forms would be submitted to the jury. The majority calls First Commercial's decision to focus on Curtis Spivey's actions a tactical decision. That it was, but it was a tactical decision based on what it believed the trial court was going to submit to the jury. This change, after the conclusion of closing arguments, violated Rule 51 and constituted reversible error.
Therefore, I respectfully dissent from this Court's holding with regard to Sheryl Spivey. However, I concur with this Court's holding as to Curtis Spivey, in spite of the violation of Rule 51. The jury found for First Commercial on the claims brought by Curtis Spivey; therefore, as to his claims, the violation of Rule 51 was harmless error.